Daniel, Judge,
 

 after having stated the. case as above, proceededWe are of the opinion, that evidence offered by the defendant, and rejected by the-Court, could not have sustained the plea of “ accord and , satisfaction.” This plea always sets out what the defendant gave in satisfaction; it alleges the delivery, and it expressly avers that the goods, or things done, were
 
 accepted
 
 in satisfaction and discharge.
 
 Drake
 
 v.
 
 Mitchell,
 
 3 East’s Rep. 256-258; 1 Saund. on Plead. & Evid. 24. The replication to the plea may either deny the delivery of the chattel in satisfaction, or, protesting against that fact, may deny the
 
 acceptance.
 
 Steph. Pl. 236 ; 1 Saund. Pl. & Ev. 24. In this case, if the pleadings w'ere drawn out in form, the plea would aver a
 
 delivery
 
 of the twelve hundred and fifty dollars, and the defendant’s bond for the renewal, and that the plaintiff then and there accepted and received of and from the ^defendant, the said sum of twelve hundred and fifty dollars tend bond, in full satisfaction and discharge of the said sum of five thousand seven hundred and twenty-six dollars.
 
 *566
 
 The replication would deny the acceptance, and tender an issue; which the defendant would be obliged to join on that very point; and this we take to be done in the present case. To maintain the plea, and support the defendant’s side of the issue, it is not enough to show that he has always been ready to pay the money and renew the bond, or even a tender and refusal; but an actual acceptance thereof by the plaintiff must be proved.
 
 Lamb’s Case, 9
 
 Rep. 60.
 
 Allen
 
 v.
 
 Harris,
 
 1 Lord. Raym. 122.
 
 Beatson
 
 v.
 
 Schank,
 
 3 East’s Rep. 233. The defendant did not pretend, that he could prove by the evidence rejected, that the twelve hundred and fifty dollars and bond tendered for renewal, had been accepted by the bank in satisfaction of the bond now sued on. The' evidence did not profess to go to that extent, and was therefore immaterial to the issue, and the Court properly rejected it.
 

 As to the second plea: The parol agreement entered jnt0 by the parties oh the 10th day of June, 1829, cannot, t . _ , . T , by any rule of law, be received an evidence to support the i^ea “ accord, &c.,” to and concerning a bond executed on the 10th of June, 1834; which bond did not recite the agreement, or have any reference to it.
 
 Mease
 
 v.
 
 Mease,
 
 Cowp. Rep. 47, was an action of
 
 debt on
 
 a bond, conditioned for payment at a certain day. Plea, that it was given as an indemnity to the plaintiff against another bond, ■and not damnified. Demurrer. — Lord Mansfield : “ the plea is clearly bad; let there be judgment for the plaintiff.” He went on the ground, that no parol evidence can abate or extern! a bond or deed, in
 
 Davy
 
 v.
 
 Prendergast,
 
 7 Eng. Com. Law Reps. 63, the court said, if a parol agreement is entered into to give time, supposing it the case simply of a common bond, conditioned for payment of money at a certain day, it will not prevent the party proceeding at law immediately, whatever the consideration for the delay may be. The consideration for the agreement may induce a court of equity to direct, that the party shall not proceed to enforce his remedy at law. The case cited of
 
 Good
 
 v.
 
 Cheesman,
 
 does not aid the defendant. The case was this. The defendant being unable to meet the demands of his creditors, they had signed an agree
 
 *567
 
 ment (which was assented to by the debtor,) to accept payment by two thirds of his annual income, to be placed in the hands of a trustee of their nomination. The plaintiff, who had signed, afterwards bi’ought assumpsit for his whole demand, (the defendant’s acceptance of two bills of exchange,) and the defendant was permitted, under the plea of
 
 non assumpsit,
 
 to give this agreement in evidence. The court said, it would be unjust that the plaintiff should prejudice the
 
 other creditors,
 
 who had neglected to recover their demands, under a persuasion that none of the parties who had signed would proceed against the defendant. The new agreement was received in evidence to prevent a fraud on third persons. "We have looked into Mr. Chitty’s note to 3 Black. Com. 15, (which was cited,) and can discover nothing there different from what we here lay down the law to be upon this subject. The judgment must be affirmed.
 

 Per Ctjriam. Judgment affirmed.