Upon the trial at Moore, on the last circuit before his Honor, JudgeDick, the defendant, the endorser, offered to prove by parol that at the time he sold and endorsed the bond to the plaintiff's intestate it was agreed between them that if the endorser would execute a deed for a certain tract of land to the endorsee the latter would strike out the endorsement on the bond and release the endorser from all liability thereon, and look to the makers only for payment. And the endorser offered to prove further that in pursuance of said agreement he had afterwards executed and delivered a deed for the land to the plaintiff's intestate. This evidence was objected to by the plaintiffs, and rejected by the court *Page 69 
upon the ground that it went to establish a contract variant (87) from that contained in the endorsement. A verdict was found for the plaintiffs and the defendant appealed.
The defendant (the endorser of the bond), pleaded "accord andsatisfaction," and on the trial offered to prove that at the time of the endorsement it was agreed between himself and the plaintiff's intestate that if he would execute a deed for a certain tract of land to the endorsee, then the endorsement should be stricken out, and that he, the endorser, should be released from all liability; and that, in fact, he did afterwards execute and deliver to the endorsee (the plaintiff's intestate), a deed for the said tract of land. The court rejected this evidence on the ground that it would establish a contract variant from that contained in the endorsement. It seems to us that the court misconceived the object of the defendant. It was not to set up by parol evidence an executory contract, made at the time of the endorsement, variant from that which the law raised from the written endorsement itself, but it was intended to show from the agreement respecting the land, entered into at the time of the endorsement, and from the endorsee's taking the deed for that very tract of land at a subsequent time, a subsisting agreement carried into full execution by the parties subsequent to the time of the endorsement, so as to amount to an accord and satisfaction of the defendant's liability under the written endorsement. In this light we think that the evidence was admissible. The defendant wished to show by the evidence that he was discharged from the endorsement by the endorsee's subsequently receiving satisfaction, by accepting a deed for the land, and that the accord was repeated by the parties at the time the deed was accepted, was a fact which might fairly be inferred by the jury from the evidence. We are of opinion that there must be a new trial.
PER CURIAM. Judgment reversed.
Cited: Terrell v. Walker, 66 N.C. 248. *Page 70 
(88)