THOMAS J. GRIFFIN v. ALVIS PETTY and ATLAS PETTY.

*Contract, Express and Implied—Instructions to Jury—Payment.*

Where the defendant pleaded payment to an action upon a note, and
offered evidence tending to show that such payment was made by
another party, for his benefit, by the sale and delivery of certain
property, but this was denied by the plaintiff, who alleged that
the sale of the said property was an independent transaction, and
had no connection with the note: *Held*, that an instruction to the
jury that such a sale and delivery could not be considered as a
payment on the note, unless the plaintiff so *expressly* agreed, was
erroneous; and that the jury should have been instructed that, if
they were satisfied by a preponderance of the proof that there was
an *implied* agreement that the property was to be so applied, they
should find for the defendant.

This was a CIVIL ACTION, tried before *Merrimon, J.*, at May
Term, 1888, of the Superior Court of CHATHAM County.

The action was begun before a Justice of the Peace to re-
cover the balance due upon the promissory note of the defen-
dants, made in favor of the plaintiff, for the sum of $150,
dated the 26th day of August, 1880, on which was entered
certain credits.   The defendants pleaded payment, and par-
ticularly that Andrew J. Petty had paid on the same $63.75.

On the trial in the Superior Court, in relation to the item
of $63.75, claimed by the defendants as a payment, Andrew
J. Petty testified that he was a brother of the defendants;
that at the time of the execution of said note, he and the
defendants were tenants in common upon the land upon
which they resided; that they all lived together and had
everything in common; that they also had a little store, run
in the name of Petty & Brothers; that while he did not sign
the said note, it was well known to plaintiff that he was
equally interested in it with the defendants; that at several
times after the execution of the note, and up to August, 1884,

he delivered to the plaintiff 7,993 feet of lumber, to the value of $63.75, and that it was understood the lumber was to go as a credit on the note. The plaintiff denied these statements, and said that Andrew Petty was the man he dealt with for the lumber.

In charging the jury, the Court said that as to the payment of $63.75, in lumber, claimed by the defendants, if this account belonged to the firm of Petty & Brothers, or to the defendants and Andrew Petty, it could not be allowed as a payment upon the note sued upon by and admitted to be the individual claim of plaintiff, unless the plaintiff expressly agreed that it should go as a payment on the note.

To this part of the charge defendants excepted. There was a verdict for the plaintiff. Defendants moved for a new trial, upon the grounds of misdirection to the jury, which being refused, and judgment rendered on the verdict, they appealed.

No counsel for the plaintiff.
*Mr. John Manning*, for the defendants.

MERRIMON, J.   Very certainly, the brother or brothers of the defendants might have paid the note sued upon, or some part of it, with the lumber mentioned that belonged to them, and not to the defendant, if the plaintiff consented to receive the same as a payment. The Court so, in effect, instructed the jury, but it told them that this could not be so "unless the plaintiff *expressly agreed* that it should go as a payment on the note."

We think the strong expression, "*expressly agreed*," may have misled the jury—it probably did. If from a preponderance of evidence they were satisfied that the plaintiff received the lumber, as such payment, they should have so found, and the Court ought to have so instructed them. By "express agreement" is meant, ordinarily, one made in ex-

press terms—such as directly declared it; but an agreement such as that insisted upon by the appellants may appear from strong implication; facts and circumstances in evidence may imply it almost as certainly as direct, explicit words. Although there was not evidence of an express agreement to receive the lumber as a payment, there was evidence from which the jury might or might not have found that the parties so agreed.

There is error, because of which the defendants are entitled to a new trial.

Error.