JACOB WAITZKIN *vs.* JOSEPH GLAZER & another.

Suffolk.     March 7, 1933. — May 23, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Accord and Satisfaction.*

An action upon a promissory note made by the defendant and secured by a real estate mortgage was not barred by the mere circumstance that the plaintiff had agreed with the defendant that the defendant would permit the plaintiff to acquire title to the land by foreclosure of the mortgage and that the plaintiff thereupon would release the defendant from liability on the note, no foreclosure having taken place: the unsatisfied accord was not a defence to the plaintiff's claim on the note.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 20, 1932.

Upon removal to the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $1,042.36. The defendants alleged an exception.

The case was submitted on briefs.

*J. C. Johnston & B. Beerman,* for the defendants.

*H. M. Waitzkin,* for the plaintiff.

WAIT, J. The plaintiff declared in two counts: one upon a promissory note signed by the defendants, the second for a balance of money laid out at the defendants' request. The note was secured by a second mortgage of real estate. The defendants gave evidence that after breach of the conditions of the mortgage, the male defendant saw the plaintiff, stated their inability to meet the require-

ments of the mortgages, and, at his request and suggestion that if a deed of the property be made to him he would release liability on the note, agreed to give such deed. A little later the plaintiff conferred with the male defendant and stated that he was advised it would be better not to take a deed of the property from him. He said if the defendants would permit him to foreclose and thereby acquire title he would release them from liability on the note. The male defendant agreed. Not long after by reason of a fire loss upon other real estate, the defendants became entitled to money. The plaintiff brought this suit by trustee process, and attached the insurance money. Asked why he brought suit instead of going on with the agreement in regard to foreclosure, plaintiff told the female defendant he did it because he preferred the money to the property.

This was all the evidence material to the exceptions. The signatures and consideration of the note were admitted. Exception is claimed to an order directing verdict for the plaintiff.

No error appears. Liability upon the note was undisputed, unless the unfulfilled arrangement with reference to foreclosure was a defence. Had the plaintiff foreclosed without opposition from the defendants or had he accepted a deed from them, there would have been an accord and a satisfaction of the accord which would have extinguished the note. Nothing of the kind came about. An unsatisfied accord is not a defence. *Gilson* v. *Nesson,* 198 Mass. 598. *White* v. *Beverly Building Association,* 221 Mass. 15, 18. Until satisfaction of the accord or, possibly, suit to compel performance, the plaintiff was at liberty to take any remedy to secure payment which the law gave him. Suit by trustee process was such a remedy. He took it. If the judgment is paid, the note will be extinguished. In the eye of the law the defendants will not be harmed. They will have their land free of the mortgage, and they will be free of this debt. No question is raised or argued with regard to the second count.

*Exceptions overruled.*