E. A. HOLLAND AND WIFE, ABBIE HOLLAND; W. L. HORN AND WIFE, ELIZABETH HORN; W. L. HORN, MABEL C. FISHER, CITIZENS BANK AND TRUST COMPANY, ANDREWS BUILDING AND LOAN ASSOCIATION, D. H. TILLETT, TRUSTEE (ORIGINAL PLAINTIFFS); AND HOME MORTGAGE COMPANY, JEFFERSON E. OWEN, SUBSTITUTED TRUSTEE; AND S. M. HOLLAND AND WIFE, ELIZA HOLLAND, v. H. L. DULIN AND T. J. HILL, TRUSTEE.

(Filed 20 September, 1933.)

**Bills and Notes C a—Re-assignment of note after maturity held novation, and assignee could not maintain position of holder in due course.**

The makers of purchase money notes executed a duly registered deed of trust to A. as security, and later conveyed the lands to A. in full

payment. A. transferred the notes in due course as collateral for a debt due a company. A. thereafter borrowed money from B. a member of the company, and paid the debt to the company, and assigned the mortgage note to B. after maturity for the borrowed money. *Held*, B. could not maintain the position of a holder in due course of the mortgage note and was not entitled to foreclose as against the lienors and grantees of A. who took the lands without notice, B. having been assigned the note after maturity, and the payment of the debt to the company, and the assignment of the mortgage note to B. constituting a novation as far as the rights of A.'s lienors and grantees were concerned.

APPEAL by defendants from *Clement, J.*, and a jury, at June Term, 1933, of CHEROKEE. No error.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did W. B. Fisher and wife, Leila Fisher, receive and take title to those two tracts of land described in paragraph 4 of the complaint on or about 5 December, 1923, from S. M. Holland and wife Eliza Holland, in full payment and satisfaction of the two series of notes and the two deeds of trust totaling $2,800, the said deeds of trust being recorded in Book No. 74, at pages 152 and 154, respectively, of Cherokee County registry, and did the parties to this transaction agree and intend to extinguish and cancel the indebtedness and the deeds of trust representing the indebtedness of $2,800 and as executed from S. M. Holland and wife to W. B. Fisher and wife? Answer: Yes.

2. Is the defendant H. L. Dulin the holder of the Holland notes in due course, as alleged in the answer? Answer: No."

*Harkins, Van Winkle & Walton and Gray & Christopher for plaintiffs.*
*H. A. Tapp, Edmund B. Norvell and D. Witherspoon for defendants.*

PER CURIAM. We think the principal question involved is as follows: Where makers of purchase money notes to A. for land executed duly registered deed of trust to secure same, and later convey the land to A. and wife, in full payment of the notes, can B., who took an assignment of the notes from A., after maturity, maintain the position of a holder in due course and foreclose the deed of trust as against lienors and grantees of A. and wife? We think not under the facts and circumstances of this case.

We think the plaintiffs' evidence, upon motion of nonsuit, C. S., 567, sufficient—also evidence tending to show lack of actual knowledge on the part of plaintiffs, who were purchasers of the land. The peremptory instruction by the court below that there was no evidence that the defendant Dulin was the holder of the Holland notes given to Fisher in

due course was correct. To be sure Fisher had transferred the notes in due course as collateral to secure an indebtedness he owed to Anderson-Dulin-Varnell Company. Fisher, after the maturity of these notes, paid the indebtedness due by him to Anderson-Dulin-Varnell Company, who held these notes as collateral. They were extinguished so far as plaintiffs, purchasers of the land, were concerned. The transaction between Fisher and defendant Dulin was a new one, constituting a novation. All the evidence was to the effect that plaintiffs, who were purchasers of the land, had no actual knowledge of the pledge of these notes to Dulin, which took place after maturity, and after the indebtedness to Anderson-Dulin-Varnell Company was paid.

We have read the record and the able briefs of counsel, but in the trial and judgment of the court below, we find

No error.