BOSHART *v.* GARDNER.

4-3630

Opinion delivered January 7, 1935.

*E. L. Carter,* for appellant.
*George R. Steel,* for appellee.

JOHNSON, C. J. On December 1, 1919, appellees, Gardner and wife, executed and delivered to the Conservative Loan Company their note for the sum of $1,500 and interest, and to secure the due payment thereof executed a real estate mortgage upon certain lands situated in Howard County, Arkansas. Thereafter, the note and mortgage securing same, in regular course of business, were transferred and assigned to appellant Boshart. Subsequently in 1929 a renewal agreement was effected between the mortgagors and the holder and owner of said mortgage and note whereby the maturity of the debt was extended until 1931 and subsequent years. Neither the principal sum nor the interest thereon was paid by appellees at maturity as provided in the renewal agreement. On May 8, 1933, appellant submitted to appellees, by letter, a proposition of settlement of the debt as follows:

"Mr. Joe B. Gardner,

"Dear Sir:

"I am sending Mr. E. L. Carter the mortgage note which I hold on your place, and in order to get this settled up I will take fifty per cent. of the face of the mortgage if you can get a Federal loan and pay it up, or from some other source. Please let me know what you wish to do. Trusting you will find it convenient to do this, I am,

"Sincerely yours, L. H. Boshart."

And on May 17, 1933, appellees wrote appellant the following letter in response to his proposition of settlement:

"Center Point, Ark.

"5-17-33

"L. H. Boshart, Esq.,

"Lowville, N. Y.

"Dear Sir:

"Your very kind letter of recent date has been received and contents noted. In answer will state that I thank you for the kind offer to discount my paper fifty per cent. for the cash. I intend trying for a Federal loan at once. Do not see why I should not be successful in securing a loan unless the laws of Ark. regarding deficiency judgments should preclude my getting a loan. If the Supreme Court which is soon to pass on the act

passed by the Legislature of 1933 forbidding deficiency judgments in foreclosure suits does not declare the act invalid, then in that event, the Gov. will call a special session of the Legislature to repeal the act. In any event I intend to make a great effort to meet your generous offer. I will advise you.

"Yours truly,

"Joe B. Gardner."

On July 5, 1933, appellant instituted this action in foreclosure and a receiver was prayed and appointed thereby putting at an end the negotiations heretofore adverted to. Appellees answered appellant's complaint in foreclosure by asserting the novation of the contract as heretofore stated and, upon trial of the cause, the chancellor found the facts to be as contended by appellees and directed that appellant was only entitled to judgment against appellees for the sum of fifty per cent. of the debt and interest and denying any recovery for taxes paid. It was further decreed that if this sum be not paid by July 1, 1933, the mortgaged lands should be sold in satisfaction thereof and from this decree comes this appeal.

The testimony introduced in said cause is not in material conflict and may be summarized as follows: That immediately after the correspondence heretofore referred to appellees made oral application to the local Federal agency for a loan sufficient to pay the amount submitted by appellant, but that due to local conditions over which neither appellant nor appellees had control the loan was not finally approved until the early part of 1934. Appellees expended a substantial sum of money in prosecuting the application for this loan before the Federal agency. A redemption certificate was introduced by appellant showing that he had expended $19.12 for past-due taxes against the mortgaged lands prior to the decree.

Appellant's first contention is that appellee's letter of May 17, 1933, was not an acceptance of his proposition of May 8, 1933, but we can not agree with this contention. The fair interpretation of this correspondence is that appellant offered to accept fifty per cent. of the face value of the mortgage if paid in cash within a reasonable time thereafter, and that appellees accepted this propo-

sition as outlined in appellant's letter. It is perfectly apparent that appellant knew that appellees had no ready funds when the offer was made; therefore, he suggested the course for appellees to pursue in procuring the money to pay the debt. This correspondence constituted an enforceable contract between the parties subject only to due performance by appellees within a reasonable time. Furthermore, this record reflects that appellant on July 5, 1933, instituted this foreclosure proceeding against appellees thereby repudiating his offer of May 8, 1933, without giving appellees any notice or opportunity to pay the debt as theretofore agreed upon by the parties and this action of appellant was amply sufficient to excuse appellees from further immediate negotiations in procuring a loan as contemplated by the parties.

Appellant next contends that, although his offer of settlement was accepted by appellees, such contract is not an enforceable contract because not supported by a sufficient consideration. The authorities are in accord on the proposition that contracts of novation are not different from other contracts, and need be supported only by a good and sufficient consideration, and even a loss or an inconvenience to the promisee may suffice. 20 R. C. L. 367. Moreover, the testimony shows, and the chancellor so found, that appellees, relying upon said contract of novation, expended a substantial sum of money in prosecuting his application for a loan in compliance with appellant's suggestions. Therefore it would be inequitable to permit appellant to repudiate his offer of settlement when appellee is now ready for consummation.

It follows therefore that the chancellor was correct in determining that there was a valid contract of novation between the parties to this action, and his decree in this behalf must be affirmed. The chancellor was in error, however, in refusing to allow appellant judgment for the taxes paid by him on the mortgaged lands. The decree will be modified so as to allow appellant judgment for $19.12 additional for taxes paid.

The chancellor was also in error in treating appellant's offer and appellees' acceptance thereof as a consummated novation. The offer and acceptance should be

treated as executory and continuing for such reasonable length of time as may afford appellees a reasonable opportunity of procuring a loan and paying the debt.

If appellees will pay into the registry of this court within sixty days from this date fifty per cent. of the mortgage debt and interest as decreed by the chancellor plus $19.12 taxes, the decree will be affirmed; otherwise the cause must be reversed, and remanded with directions to enter a decree in favor of appellant for the full amount of his debt, interest and taxes paid.