**UNITED STATES v. JOLLIMORE et al.**
Civ. A. No. 873.

District Court, D. Massachusetts.
April 23, 1942.

Edmund J. Brandon, U. S. Atty., and Alexander D. Varkas, Sp. Asst. to U. S. Atty., both of Boston, Mass., for plaintiff.

James S. Ballantyne, of Needham, Mass., J. & J. Ballantyne, of Roxbury, Mass., and William Gordon, of Boston, Mass., for defendant Holland Furnace Co.

FORD, District Judge.

This is a case wherein the United States of America sues as holder of a note executed by the defendants on September 20, 1935. The note was given for the purchase price of a heating system sold under a conditional sales agreement by the Holland Furnace Company. The note and contract of sale were assigned by that company to the plaintiff, which is stipulated to be a holder in due course. The only defense raised is that a certain instrument and correspondence constitute a binding agreement by the plaintiff to release the defendants from their obligation as evidenced by the note.

The defendants were dissatisfied with the performance of the heating system and ceased to pay installments on the note. Negotiations were had between the parties looking to a settlement whereby this equipment might be removed and taken by the plaintiff in satisfaction of its claim.

On December 1, 1936, the defendant S. R. Jollimore was sent the following letter by the Federal Housing Administration:

"Since you desire to have the Heating System which you purchased on your modernization loan removed, it is suggested that you sign the enclosed release, which will authorize our representative to remove the equipment.

"We request that you give your prompt attention to this matter and when, the release is returned to us properly signed, and possession of the equipment has been obtained by us, we will send to you a formal release of your obligation to us in the attached form".

On receipt of this communication, the defendants executed the release enclosed, in the following form: "In consideration of your releasing the undersigned from any further obligation now owing to you in respect of the Modernization Credit Loan granted to me/us in connection with the purchase of the above-described equipment, or materials I/we hereby transfer all of my/our right, title and interest thereto to you, to dispose of as you see fit. Said equipment or materials will be delivered to your authorized agent upon the presentation of proper credentials. No notice of your acceptance of this agreement is required."

The defendants placed an executed copy of this form of release in the mails. It was stipulated that the receiving clerk of the Federal Housing Administration would testify that he never received this copy. I believe it is more probable that it was received and lost.

On January 28, 1937, the following letter was sent to the defendant S. R. Jollimore by the Federal Housing Administration:

"On December 1, 1936, a release covering the equipment purchased on your modernization loan was forwarded for your signature and return.

"The signed release has not yet reached this office. If it is not already in the mails, it is requested that you sign and forward immediately the form furnished you."

The form of release enclosed with this letter, which the defendants also executed, was as follows:

"Pursuant to the contract entered into by the undersigned and the * * * upon which I (we) have defaulted and which contract and evidence of indebtedness is now the property of the Federal Housing Administrator, acting for the United States Government, and in consideration of $1.00 (One Dollar) and for other good and valuable considerations, receipt of which is hereby acknowledged, I (we) hereby agree to the conditions and terms of this document as cited below. I (we) hereby request and authorize the removal from the following described property the following materials and/or equipment:

"Item: Heating System

"Believing that the Federal Housing Administrator is in a better position to dispose of this material advantageously, I (we) request and authorize the Federal Housing Administrator, or his appointees, to inspect and to remove from the premises on my (our) responsibility and to sell at a public or private sale or otherwise dispose of the said material and/or equipment. All my (our) rights, title and interests in the above mentioned materials and/or equipment is hereby transferred to the Federal Housing Administrator. No further notice of the performance of this agreement is required by me (us)."

Before signing this document, the defendants typed on the margin, the following: "It is to be understood that the 'default' and 'evidence of indebtedness' as used in the first paragraph does not waive our rights nor admit liability, as we had notified the Holland Furnace Co to remove the equipment due to the failure of the Holland Furnace Co to meet their written guarantee of satisfaction of performance of equipment."

This document was in due course received by the Federal Housing Administration. An agent of the Federal Housing Administration inspected the premises and decided that removal of the equipment was impractical. No release was ever given the defendants by the Federal Housing Administration. Thereafter, the plaintiff has continued to endeavor to collect the balance due on the note.

The theory of the defendants in this case is not entirely clear. It seems to be their position that the letter of December 1, 1936 and the enclosed release-agreement, which the defendants executed, constitute either a specifically enforceable contract to give a release, which may be relied on as an equitable defense, or an accord and satisfaction.

In either case, I cannot agree that the defense has merit. First, I do not believe that the writings relied on constitute a binding contract. I think it clear that the plaintiff intended to release the defendants only "when the release is returned to us properly signed, *and* possession of the equipment has been obtained" (italics mine), and that such a qualified intention was plainly to be understood from the language of the letter of December 1, 1936. It is apparent that the return of the release was only one of two events which the plaintiff required should happen before it would consider itself obligated to free the defendants from liability. Just what the plaintiff meant by the words "when

* * * possession of the equipment has been obtained" is not certain. It may have meant to reserve an option to take or not take possession, which would make its offer illusory. Williston On Contracts, Section 43. If the plaintiff meant to prevent the contract from being in force until it was determined that removal was possible by making such a determination a condition precedent to its obligation to release the defendants, the defendants, who assert the existence of a contract, have failed to show that the condition has occurred. So, no matter what the plaintiff intended to require by imposing this added qualification to its supposed offer, it is clear enough that it required something more than the execution of the "release" before it was willing to terminate the defendants' liability.

For identical reasons, I think it clear that the defense of accord and satisfaction avails the defendants here naught. An unsatisfied accord is no defense. Waitzkin v. Glazer et al., 283 Mass. 86, 185 N.E. 927; White v. Beverly Building Association, 221 Mass. 15, 108 N.E. 921. It is clear from the above-quoted language of the letter of December 1, 1936, that the plaintiff required as a condition of accord that it obtain possession of the heating system. The burden is on the defendants to prove satisfaction of the accord, and they have failed to do so.

There must be a judgment for the plaintiff for the balance due on the note together with interest and costs.