STEPHEN G. DOBIAS AND WIFE, GRACE DOBIAS, v. C. S. WHITE AND WIFE, GEORGIA M. WHITE.

(Filed 29 January, 1954.)

**1. Pleadings § 28—**

Plaintiffs' motion for judgment on the pleadings should be allowed only if the answer admits every material averment in the complaint and fails to set up any defense or new matter sufficient in law to avoid or defeat the plaintiffs' claim.

**2. Same—**

A motion for judgment on the pleadings admits for its purposes the truth of the allegations in the pleading of the adverse party.

**3. Mortgages §§ 2e, 36—**

A purchase money deed of trust must be made as a part of the same transaction in which the debtor purchases land, embrace the land so purchased, and secure all or part of its purchase price. Therefore, where a purchaser, to secure the balance of the purchase price for land, executes a deed of trust on land other than that purchased from the grantor, the instrument is not a purchase money deed of trust and G.S. 45-21.38 relating to deficiency judgments is inapplicable.

**4. Accord and Satisfaction § 1—**

Agreements constituting an accord and satisfaction fall into two categories (1) where the parties agree that the agreement itself shall operate as the satisfaction of the old right, (2) where the parties agree that it is only the performance of the agreement that shall have that effect.

**5. Same—**

An accord and satisfaction is compounded of two elements: An accord which is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim, liquidated or in dispute, something other than or different from what he is or considers himself entitled to; and a satisfaction which is the execution or performance of such agreement.

**6. Accord and Satisfaction § 3—**

An agreement to convey the land purchased in satisfaction of notes given for the purchase price of the land does not operate as a satisfaction of the notes unless and until the accord is fully performed, and the tender of deed in conformity with the agreement does not bar a suit on the notes if the payee violates his agreement for the accord and refuses to accept the deed.

**7. Same—**

An accord is as much a contract as any other agreement, and an action may be maintained against the party in default for the breach or nonperformance of an accord under the ordinary principles of the law of contracts.

**8. Same—**

If an accord is not performed by the debtor, the creditor may enforce his original claim or recover damages for the breach of the accord.

**9. Same—**

If the creditor breaches the agreement for the accord, the debtor's original obligation to him is not discharged, but the debtor acquires a right of action against the defaulting creditor for damages for breach of the agreement for the accord, or the alternative right to specific enforcement of the agreement, if this remedy is practicable, which would discharge the original obligation.

**10. Same: Pleadings § 10—**

Where a creditor who has breached his agreement for an accord sues the debtor to enforce the original claim, the debtor may set up as a counterclaim either a demand for damages for the breach of the accord or a demand for its specific enforcement. G.S. 1-137.

**11. Accord and Satisfaction § 3: Estoppel § 3—**

Where, in the creditors' suit on the original claim, the debtor sets up breach of an accord and satisfaction by the creditor, and demands either damages for such breach or specific enforcement of the accord, *held* the debtor by necessary implication asserts that the accord is fair in substance and honest in origin, and is estopped thereafter to assume any subsequent inconsistent position to the prejudice of the creditor.

**12. Accord and Satisfaction § 3: Pleadings § 28—Answer held to allege facts entitling defendant to specific performance of accord.**

Where, in the payees' suit on the notes given for the purchase price of lands, the makers allege that the parties had agreed that the makers should reconvey the land to the payees in satisfaction of the notes and also other notes executed at the same time, and that the makers had tendered deed in performance of the agreement, and that they are still able, ready and willing to perform the accord in full, and that plaintiffs still hold all the notes evidencing the original claim, *held* the answer sets up facts entitling the makers to specific performance of the accord even though the answer does not demand such relief in explicit terms, and therefore the payees' motion for judgment on the pleadings should not be allowed.

**13. Pleadings § 5—**

The facts alleged in a pleading and not the prayer for relief is determinative.

APPEAL by defendants from *Sink, J.,* at June Term, 1953, of Mc-DOWELL.

Civil action by creditors on promissory notes in which the debtors plead an unexecuted accord as a basis for affirmative relief.

The facts are stated in the numbered paragraphs set forth below.

1. The plaintiffs Stephen G. Dobias and Grace Dobias brought this action against the defendants C. S. White and Georgia M. White on 7 November, 1952, to recover a personal judgment for $4,500.00 with interest on $5,000.00 from 5 October, 1951, until 3 January, 1952, and on $4,500.00 from 3 January, 1952, until paid at the rate of six per cent per annum. The complaint claims the right to such judgment on the basis

of these allegations: On 5 October, 1951, the defendants, for value received, made two sealed promissory notes, negotiable in form and dated on that day, to the plaintiffs, who still hold and own the same. Each note is for $2,500.00, and bears interest from date until paid at the rate of six per cent per annum. One of the notes fell due on 5 April, 1951, and the other matured on 5 October, 1952. The notes are subject to a credit of $500.00 on account of a part payment made by the defendants on 3 January, 1952. The plaintiffs have made demand on the defendants for payment of the unpaid portion of the notes and the interest accrued on them, and the defendants have refused to comply with this demand.

2. The answer admits the factual allegations of the complaint. It alleges additionally that the two notes mentioned in the complaint and "two other notes in the amount of $2,500.00 each" constituted a series of four promissory notes "given by the defendants as a part of the purchase price for certain lands conveyed to the defendants by the plaintiffs by a deed of even date with said notes," and that as a part of the self-same transaction the defendants executed a deed of trust whereby they conveyed *other lands* already owned by them to Paul J. Story, as trustee, to secure the payment to the plaintiffs of the entire series of four notes. Moreover, the answer undertakes to set up "by way of further answer and defense, and as a basis for affirmative relief" two separate pleas to defeat the cause of action stated in the complaint.

3. The first plea may be epitomized in this fashion: Although it embraces *other lands,* the deed of trust is essentially a purchase money deed of trust because it secures the payment of the four notes evidencing the balance of the purchase price of the lands conveyed to the defendants by the plaintiffs. If the plaintiffs collect two of the notes by means of a personal judgment against the defendants, and the others by means of a foreclosure of the deed of trust, they will circumvent the provisions of G.S. 45-21.38 to the effect that the mortgagee or trustee or holder of the notes secured by a purchase money mortgage or a purchase money deed of trust cannot recover a deficiency judgment on account of such mortgage or deed of trust or the debt secured thereby. The court ought to forestall the evasion of the statute by appropriate injunctive relief.

4. The second plea alleges these matters in specific factual detail: After the notes mentioned in the complaint were in arrears, to wit, on 7 August, 1952, the plaintiffs and defendants made a contract by which the defendants agreed to convey to the plaintiffs the lands covered by the deed of trust in full satisfaction of the indebtedness secured by the deed of trust, and by which the plaintiffs agreed to accept such conveyance in full settlement of such indebtedness, surrender the four notes to the defendants, and cause the trustee to cancel the deed of trust. The defendants forthwith executed and delivered to Paul J. Story, the agent desig-

nated by the plaintiffs for the purpose, a deed of conveyance sufficient to vest the lands covered by the deed of trust in the plaintiffs, but the plaintiffs in violation of the contract refused to accept the deed of conveyance in satisfaction of the indebtedness, or to surrender the notes to the defendants, or to cause the trustee to cancel the deed of trust. "The defendants are still ready, willing, and able to abide by the terms of said agreement" and pray "that a judgment be entered . . . declaring all of the notes secured by the deed of trust . . . and said deed of trust itself to be fully paid and satisfied by the agreement."

5. When the cause was heard at the June Term, 1953, of the Superior Court of McDowell County, the plaintiffs moved the presiding judge for judgment on the pleadings. The judge allowed the motion and entered a personal judgment in favor of the plaintiffs and against the defendants for $4,500.00 with interest as specified in paragraph 1. The defendants excepted and appealed, assigning the allowance of the motion and the entry of the judgment as error.

*Everette C. Carnes and William C. Chambers for plaintiffs, appellees.*
*Proctor & Dameron for defendants, appellants.*

ERVIN, J. "A motion for judgment on the pleadings is allowable only where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact . . . A complaint is fatally deficient in substance, and subject to a motion by the defendant for judgment on the pleadings if it fails to state a good cause of action for plaintiff and against defendant . . . An answer is fatally deficient in substance and subject to a motion by the plaintiff for judgment on the pleadings if it admits every material averment in the complaint and fails to set up any defense or new matter sufficient in law to avoid or defeat the plaintiff's claim." *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

The answer in the instant case admits every material allegation of the complaint. Since the deed of trust covers land other than that purchased from the plaintiffs by the defendants, it cannot qualify as a purchase money deed of trust under the statute embodied in G.S. 45-21.38. This is true because a deed of trust is a purchase money deed of trust only if it is made as a part of the same transaction in which the debtor purchases land, embraces the land so purchased, and secures all or part of its purchase price. *Miller v. Miller,* 211 Iowa 901, 232 N.W. 498; *Gray v. Kappos,* 90 Utah 300, 61 P. 2d 613; 36 Am. Jur., Mortgages, Section 15; 59 C.J.S., Mortgages, Section 168. Thus it appears that the answer is fatally deficient in substance and subject to a motion by the plaintiffs for judgment on the pleadings unless the second plea of the defendants is sufficient to avoid or defeat the plaintiff's cause of action.

According to the allegations of the second plea, which are admitted for the purpose of this appeal by the motion for judgment on the pleadings, the plaintiffs bound themselves by a bilateral contract with the defendants to accept the conveyance of the land embraced by the deed of trust in satisfaction of the pre-existing contractual obligation of the defendants to make payment of the indebtedness secured by the deed of trust. As a consequence, the decision on this appeal necessarily turns on the doctrine of accord and satisfaction.

Much confusion is avoided in this field of the law if constant heed is paid to the circumstance that agreements governed by the doctrine of accord and satisfaction fall into two categories. In the one case the parties agree that the agreement itself shall operate as the satisfaction of the old right; and in the other the parties agree that it is only the performance of the agreement that shall have that effect. *Hayes v. Railroad,* 143 N.C. 125, 55 S.E. 437, 10 Ann. Cas. 737; Restatement of the Law of Contracts, section 418; Williston on Contracts (Rev. Ed.), section 1846. What is set forth below applies to agreements of the second category because the agreement involved in this case is of that class. *Walker v. Burt,* 182 N.C. 325, 109 S.E. 43.

An accord and satisfaction is compounded of the two elements enumerated in the term. "An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considers himself, entitled to; and a 'satisfaction' is the execution or performance, of such agreement." 1 C.J.S., Accord and Satisfaction, section 1.

The relevant rules of accord and satisfaction may be stated in this wise:

1. If the accord is fully performed, the performance satisfies the original claim, and bars a subsequent action to enforce it. *Snyder v. Oil Company,* 235 N.C. 119, 68 S.E. 2d 805; *Hinson v. Davis,* 220 N.C. 380, 17 S.E. 2d 348; *Owens v. Manufacturing Co.,* 168 N.C. 397, 84 S.E. 389; *Griffin v. Petty,* 101 N.C. 380, 7 S.E. 729; *Cabe v. Jameson,* 32 N.C. 193, 51 Am. Dec. 386; *Smitherman v. Smith,* 20 N.C. 86.

2. If the accord is not fully performed, the original claim is not satisfied. 1 Am. Jur., Accord and Satisfaction, sections 65, 67; 1 C.J.S., Accord and Satisfaction, section 37. As a consequence, an unperformed accord does not constitute a defense to a subsequent action to enforce the original claim. *State Bank v. Littlejohn,* 18 N.C. 563; Williston on Contracts (Rev. Ed.), section 1842. This is true even though "the debtor within the time agreed or, if no time was specified, within a reasonable time tenders performance of his promise, but the creditor in violation of his agreement refuses to accept the performance in satisfaction of his

claim and brings suit on the original cause of action." Williston on Contracts (Rev. Ed.), section 1843. See paragraph 5, *post.*

3. Since an accord is as much a contract as any other agreement, an action may be maintained against the party in default for the breach or nonperformance of an accord under the ordinary principles of the law of contracts. *Union Central Life Ins. Co. v. Imsland,* 91 F. 2d 365; Williston on Contracts (Rev. Ed.), section 1840; 1 Am. Jur., Accord and Satisfaction, section 74.

4. If an accord is not performed by the debtor, the creditor has a choice of alternative remedies. He may enforce his original claim, or recover damages for the breach of the accord. *Sherman v. Sidman,* 300 Mass. 102, 14 N.E. 2d 145; *Waitzkin v. Glazer,* 283 Mass. 86, 185 N.E. 927; *Dissette v. Cutler Co.,* 29 Oh. App. 88, 163 N.E. 53; Restatement of the Law of Contracts, section 417.

5. If the creditor breaks the agreement for the accord, the debtor's original obligation to him is not discharged, for the creditor's breach prevents the performance of the accord. The debtor nevertheless acquires rights against the defaulting creditor at law and in equity. *Union Central Life Ins. Co. v. Imsland, supra.* The debtor acquires a right of action against the defaulting creditor for damages for the breach of the agreement for the accord; and if the specific enforcement of that agreement is practicable, he acquires an alternative right against the defaulting creditor to its specific enforcement. If the agreement for the accord is specifically enforced, the debtor's original obligation is discharged. *Union Central Life Ins. Co. v. Imsland, supra; Corrigan v. Payne,* 312 Mass. 589, 45 N.E. 2d 829; Restatement of the Law of Contracts, section 417; Williston on Contracts (Rev. Ed.), section 1845. See, also, in this connection these decisions relating to the specific enforcement of agreements for accords: *Very v. Levy,* 13 How. (U.S.) 345, 14 L. Ed. 173; *Boshart v. Gardner,* 190 Ark. 104, 77 S.W. 2d 642, 96 A.L.R. 1130; *French v. Commercial Credit Co.,* 99 Colo. 447, 64 P. 2d 127; *Girasulo v. Consolidated Motor Lines,* 5 Conn. Supp. 245; *Cook v. Richardson,* 178 Mass. 125, 59 N.E. 675; *Hunt v. Brown,* 146 Mass. 253, 15 N.E. 587; *Burtman v. Butman,* 94 N.H. 412, 54 A. 2d 367; *Dissette v. Cutler Co., supra; Beattie v. Traynor,* 114 Vt. 495, 49 A. 2d 200. When a defaulting creditor sues the debtor to enforce his original claim, the debtor may set up either a demand for damages for the breach of the accord or a demand for its specific enforcement as a counterclaim. Either of these demands meets the twofold requirement of the counterclaim statute embodied in the first subdivision of G.S. 1-137. *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

Let us read the allegations of the second plea in the light of these and other applicable rules. Since it entitles the plaintiffs to receive a distinct benefit, *i.e.,* land, which they otherwise would not obtain, the agreement

for the accord is supported by a valuable consideration. *Very v. Levy, supra;* 1 Am. Jur., Accord and Satisfaction, section 51; 1 C.J.S., Accord and Satisfaction, section 4. Although the agreement for the accord requires their direct conveyance of the encumbered property to the beneficiaries of the deed of trust in satisfaction of the debt secured by that instrument, the defendants allege by necessary implication that the stipulated transaction is fair in substance and honest in origin, and thereby estop themselves to assume any subsequent inconsistent position to the prejudice of the plaintiffs. *Rand v. Gillette,* 199 N.C. 462, 154 S.E. 746; *Harvey v. Knitting Co.,* 197 N.C. 177, 143 S.E. 45; *Bizzell v. Equipment Co.,* 182 N.C. 98, 108 S.E. 439; *Hill v. R. R.,* 178 N.C. 607, 101 S.E. 376. See, also, in this connection: *Holland v. Dulin,* 205 N.C. 202, 170 S.E. 784, rehearing denied in 206 N.C. 211, 173 S.E. 310; *Lawrence v. Beck,* 185 N.C. 196, 116 S.E. 424; *McLeod v. Bullard,* 86 N.C. 210; 59 C.J.S., Mortgages, section 438. The defendants tendered to the plaintiffs full performance of the accord within a reasonable time, and the plaintiffs breached their contractual obligation by refusing to accept the tendered performance in satisfaction of their original claim. Inasmuch as the defendants are still able, ready, and willing to perform the accord in full, and the plaintiffs still hold and own the four notes evidencing their original claim, specific enforcement of the agreement for the accord is practicable, and will extinguish the cause of action stated in the complaint.

These things being true, the second plea sets up a counterclaim for the specific enforcement of the agreement for the accord. To be sure, the defendants may not demand such relief in explicit terms. They are nevertheless entitled to relief appropriate to the facts alleged by them, and the facts alleged by them in their second plea make out a counterclaim for specific enforcement of the agreement for the accord. *Griggs v. York-Shipley, Inc.,* 229 N.C. 572, 50 S.E. 2d 914, 15 A.L.R. 2d 798.

It necessarily follows that the second plea avers facts sufficient to defeat the cause of action on the two notes mentioned in the complaint, and that the presiding judge erred in allowing the motion of the plaintiffs for judgment on the pleadings.

We deem it advisable to observe in closing that the court may be disabled to make a complete adjudication of all of the rights of the parties on the final hearing on account of the nonjoinder of the trustee as a party, and that the question of the applicability of the statute of frauds to the accord in suit was not presented or considered on this appeal.

The judgment on the pleadings is vacated, and the cause is remanded for further proceedings agreeable to law.

Error.