WITTEN SUPPLY COMPANY, INC. v. THOMAS REDMOND AND
WIFE, ELIZABETH LOVE REDMOND, AND REGGIE THOMAS

No. 7127SC42

(Filed 28 April 1971)

1. Accord and Satisfaction § 1— what constitutes an accord — agreement
between creditor and debtor

An agreement between a creditor and a debtor constituted an
"accord," where, during the creditor's action to perfect a lien for
materials supplied in the construction of the debtor's home, the credi-
tor agreed to take a nonsuit and release the lien upon the debtor's
promise to pay the debt in monthly installments, the promise to be
secured by a second mortgage and deed of trust on defendant's other
home.

2. Accord and Satisfaction § 1— two categories of agreement

Agreements governed by the doctrine of accord and satisfaction
fall into two categories: (1) the parties agree that the agreement
itself shall operate as the satisfaction of the old right; (2) the par-
ties agree that only the performance of the agreement shall have such
effect.

3. Mortgages and Deeds of Trust § 33— distribution of proceeds from
foreclosure sale

A debtor whose obligation was secured by a note and a deed of
trust was entitled, upon the foreclosure of the deed of trust, to have
the foreclosure proceeds applied to the note. G.S. 45-21.31(a)(4).

4. Accord and Satisfaction § 2; Mortgages and Deeds of Trust § 17—
payment of debt secured by note and deed of trust — creditor's high
bid at foreclosure sale

A debt secured by a note and deed of trust on the debtor's home
was paid in full when, upon the foreclosure of the deed of trust, the
creditor successfully bid an amount to cover the note and accepted the
trustee's deed in exchange for the note.

5. Rules of Civil Procedure § 60— relief from execution sale — motion
in the cause

A motion in the cause was not an improper procedure for seeking
relief from an execution sale under a judgment. G.S. 1A-1, Rule
60(b)(5)(6).

APPEAL by plaintiff from *Falls, Superior Court Judge,* 2
October 1970 Session of CLEVELAND County Superior Court.

Appeal from an order permanently restraining the con-
firmation of an execution sale.

The following facts are not in dispute:

Plaintiff filed complaint in October of 1968 seeking to perfect a lien in the amount of $2,825.72 for materials supplied by plaintiff and used by defendants in constructing a home in Cleveland County. While the case was pending, defendants agreed to pay plaintiff the obligation sued upon, plus certain collection expenses and interest, in monthly installments of $100. The undertaking was to be secured by a second mortgage note and deed of trust on a home owned by defendants in Stanly County. Plaintiff's attorney, acting on behalf of plaintiff, agreed: "Upon recording the deed of trust, I will take a nonsuit in the above captioned action and release the lien."

The note and deed of trust were executed and delivered in accordance with the agreement, and on 1 October 1969, the deed of trust was recorded in the office of the Stanly County Register of Deeds. Two days later, plaintiff's attorney wrote defendants: "[I]t was represented that this [deed of trust] would be a second lien on that property and upon examination of the record, we find that the 1967, 1968 and 1969 County Taxes have not been paid and that there are Judgments in favor of the Stanly County Hospital and T. A. Smith's Supermarket which are also liens on this property ahead of our deed of trust. It was our understanding that these liens would be paid before we would take a non suit [sic] in Cleveland County Action."

Defendants defaulted under the terms of the note and in December, 1969, plaintiff caused the deed of trust to be foreclosed. At the foreclosure sale plaintiff's bid, which was in an amount sufficient to cover the amount due under the note plus interest and other expenses, was the high bid. A trustee's deed for the equity of redemption was thereafter accepted by plaintiff. The deed recited consideration in the amount of the bid.

A nonsuit in the Cleveland County action was never entered and in March of 1970 the matter came on for trial. Neither defendant was present at the trial and plaintiff obtained judgment for the full amount of the original debt plus interest. Execution on the judgment was thereafter issued and defendants' Cleveland County home was sold under the execution. Before the sale was confirmed the male defendant filed a motion in the cause seeking to have the confirmation enjoined. The motion alleged the essential facts heretofore set forth, and in addition, alleged that the moving party was in the State of Oklahoma when judgment was entered.

A temporary restraining order issued and was continued until final hearing. The matter came on for final hearing before Judge Falls. The parties waived a jury trial and submitted the controversy to the court upon an agreed statement of facts. Judge Falls found that there had been an accord and satisfaction of plaintiff's claim by the execution, delivery and foreclosure of the note and deed of trust on defendants' Stanly County property and permanently enjoined confirmation of the sale. Plaintiff appealed.

*Horace M. DuBose III for plaintiff appellant.*

*Jack H. White for defendants Thomas Redmond and wife, Elizabeth Love Redmond.*

GRAHAM, Judge.

"Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance." 1 C.J.S., Accord and Satisfaction, § 1, p. 462.

[1, 2]    Plaintiff argues strenuously that its agreement to accept monthly installments was not an "accord" within the legal meaning of that term, contending that the agreement and the note and deed of trust were intended simply as additional security for the original debt. Even so, payment of the note would necessarily constitute payment of the original debt, for the note was in an amount sufficient to cover the amount of the debt and certain collection expenses as well. Agreements governed by the doctrine of accord and satisfaction fall into two categories. "In the one case the parties agree that the agreement itself shall operate as the satisfaction of the old right; and in the other the parties agree that it is only the performance of the agreement that shall have that effect." *Dobias v. White*, 239 N.C. 409, 80 S.E. 2d 23.

[3]    Plaintiff responds by saying that the note has not been paid and therefore there has been no performance by defendants. We disagree. Defendants were entitled to have applied to the note the net proceeds from the foreclosure sale. G.S. 45-21.31 (a) (4). The net proceeds equaled the exact amount of the note. The note was surrendered to the trustee in part pay-

ment of the price bid, and plaintiff accepted the trustee's deed in full payment of the note.

[4] The real complaint of plaintiff seems to be that the equity of redemption was not worth the amount of the bid. However, the question of whether plaintiff received a poor bargain when it bid in the property is of no consequence at this point. The fact remains that the defendants' debt was paid in full when plaintiff accepted the trustee's deed in exchange for the note evidencing the debt. Plaintiff may not receive payment again through an execution sale under a judgment for the identical debt.

[5] Plaintiff has raised several procedural points which have been considered and are overruled. A motion in the cause was not an improper procedure for seeking relief from an execution sale under the judgment. G.S. 1A-1, Rule 60(b) (5) (6). Plaintiff's motion to dismiss was properly denied, and no prejudicial error appears with respect to any of the interlocutory orders appearing in the record.

The agreed statement of facts fully support the findings and conclusions of the trial court and entitle defendants to the permanent injunction granted.

Affirmed.

Judges CAMPBELL and BRITT concur.