ARMEL MANAGEMENT CORPORATION v. WILLIAM H. STANHAGEN

No. 7726SC311

(Filed 7 March 1978)

1. **Uniform Commercial Code § 78; Mortgages and Deeds of Trust § 32— promissory note—no purchase money transaction**

    In an action to recover on a promissory note, G.S. 45-21.38 was inapplicable and the trial court properly granted summary judgment for plaintiff where the evidence clearly disclosed that the transaction between plaintiff and defendant with respect to the promissory note was not a purchase money transaction within the meaning of the statute.

2. **Attorneys at Law § 7.4— attorney fees—provision in note—summary judgment proper**

    In an action to recover on a promissory note, the trial court properly entered summary judgment for plaintiff as to attorney fees where the evidence disclosed that the note provided that an attorney's fee of 10% of the amount of the note would be paid as provided in G.S. 6-21.2, and plaintiff notified defendant that it intended to enforce the provisions relating to attorney fees as provided in G.S. 6-21.2(5).

APPEAL by defendant from *Griffin, Judge*. Judgment entered 18 March 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 February 1978.

Civil action by plaintiff, Armel Management Corporation against defendant, William H. Stanhagen, on a promissory note for $60,000. Defendant filed an answer in which he admitted execution of the note but pled G.S. 45-21.38 in bar of plaintiff's claim, alleging that the note represented the balance due on a

purchase money deed of trust. Plaintiff moved for summary judgment. The following facts are established by the record:

On 30 April 1974 the defendant purchased two tracts of land from the Charlotte Downtown Motel Associates, a limited partnership. On the same day the defendant purchased a leasehold interest in certain real property from the plaintiff and executed a promissory note for the purchase price. As security for the note the defendant executed a deed of trust conveying the two tracts of land previously purchased from Charlotte Downtown Motel Associates to William E. Underwood, Jr., trustee for the plaintiff. The defendant defaulted on the note.

The trial court entered summary judgment for the plaintiff in the amount of $60,000 plus interest and attorney's fees. The defendant appealed.

*Bradley, Guthery, Turner & Curry, by Paul B. Guthery, Jr., for plaintiff appellee.*

*Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt, by Lawrence W. Hewitt, for the defendant appellant.*

HEDRICK, Judge.

[1] North Carolina General Statute 45-21.38 in pertinent part provides:

> *Deficiency judgments abolished where mortgage represents part of purchase price.* — In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, . . . to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: . . . .

The defendant contends in his sole assignment of error that summary judgment was inappropriate because the record disclosed a genuine issue as to "whether the transaction entered into be-

tween Plaintiff and Defendant evidenced by the note and deed of trust was a purachase money transaction," which would trigger the application of G.S. 45-21.38.

In *Dobias v. White*, 239 N.C. 409, 412, 80 S.E. 2d 23, 26 (1954), Justice Ervin stated that "a deed of trust is a purchase money deed of trust only if it is made as a part of the same transaction in which the debtor purchases land, embraces the land so purchased, and secures all or part of its purchase price." *See also Childers v. Parker, Inc.*, 274 N.C. 256, 162 S.E. 2d 481 (1968). In the present case the record affirmatively discloses that the property embraced in the deed of trust was not the same property purchased by the defendant from plaintiff. Thus, the transaction between plaintiff and defendant with respect to the promissory note was not a purchase money transaction within the meaning of the statute, and G.S. 45-21.38 has no application to this case. The trial court correctly entered summary judgment for the plaintiff as to the note.

[2] The defendant in his answer denied that plaintiff was entitled to collect attorney's fees and alleged that the plaintiff had failed to comply with the statute governing the collection of attorney's fees. However, the record affirmatively discloses that the note provided that an attorney's fee of 10% of the amount of the note would be paid as provided in G.S. 6-21.2, and the record further discloses that the plaintiff notified the defendant that it intended to enforce the provisions relating to attorney's fees as provided in G.S. 6-21.2(5). While the plaintiff filed an affidavit in support of its motion for summary judgment showing compliance with G.S.6-21.2(5) with respect to attorney's fees, the defendant failed to offer any evidence in opposition to the motion in this regard. Thus, the court correctly entered summary judgment for plaintiff as to attorney's fees.

Affirmed.

Judges VAUGHN and ERWIN concur.