RAY A. CHILDERS AND WIFE, DOROTHY B. CHILDERS v.
PARKER'S, INC.

(Filed 10 April 1963.)

**Mortgages and Deeds of Trust § 32—**

Where the purchaser of land executes a note and a deed of trust to secure the balance of the purchase price, he may recover against the seller for the seller's failure to insert a statement to this effect in the papers, only for loss sustained as a result of being required to pay a deficiency judgment, and he may not maintain an action therefor prior to the rendition of a deficiency judgment against him. G.S. 45-21.38.

APPEAL by plaintiffs from *Johnston, J.,* October 8, 1962 Term of FORSYTH.

Plaintiffs seek to recover the sum they anticipate they may be compelled to pay to a third party because of the asserted failure of defendant to state in a note and deed of trust given by plaintiffs that the instruments were for the purchase of the land described in the deed of trust. Defendant's motion to nonsuit was allowed at the conclusion of plaintiffs' evidence.

*White and Crumpler by James G. White, Leslie G. Frye, and Harrell Powell, Jr., for plaintiff appellants.*
*William H. Boyer and W. Scott Buck for defendant appellee.*

RODMAN, J.  Plaintiffs' evidence tends to show these facts: They purchased from defendant Lot 58 in Lake Hills Subdivision. The purchase price was $4,000. An agent of defendant made the sale. He was to receive $500 as his commission. He waived his commission. Plaintiffs, to secure funds to make the purchase, executed a note for $3,500 payable in installments to H. Bryce Parker, guardian for George P. Schimmeck. The note recites: "This note is given for a good and valuable consideration, to-wit, a loan of money and is secured by a deed of trust of even date herewith on valuable real estate."

Below the signature of plaintiffs on the note is the statement: "Received March 23, 1961, from Harvey A. Lupton, trustee, the sum of $1751.64 to apply on principal and interest due. /s/ Philip E. Lucas, Guardian of George P. Schimmeck."

Plaintiffs' $3,500 note was secured by deed of trust to Harvey A. Lupton dated 23 March 1959, conveying Lot 58 of Lake Hills. The note and deed of trust were prepared by Mr. Parker. He handled the financing of the sales of lots in Lake Hills.

Plaintiffs alleged and defendant denied: The equity of redemption had been foreclosed by a sale by the trustee, leaving an unpaid balance

on their note of $2,180.96; that Philip E. Lucas had succeeded H. Bryce Parker as guardian. Lucas as guardian had demanded payment of the balance owing on the note and threatened suit unless said sum was paid. Plaintiffs offered no evidence to support these allegations. Plaintiffs also alleged that they had no defense to the claim asserted by Lucas as guardian because of failure to insert a recital in the note and deed of trust that they were purchase money papers.

The statute, G.S. 45-21.38 makes the seller liable for *losses* which the purchaser sustains because of seller's failure to insert a statement that debt is for purchase money in a note and deed of trust prepared by it or under its supervision. Where there has been a foreclosure and the proceeds are insufficient to pay the amount called for in the note, purchaser has not sustained a loss as contemplated by the statute until he has been compelled to pay or judgment has been rendered fixing his liability. *Coach Co. v. Coach Co.,* 229 N.C. 534, 50 S.E. 2d 288; *Lowe v. Fidelity & Casualty Co.,* 170 N.C. 445, 87 S.E. 250.

Plaintiffs offered no evidence of payment or judgment fixing their liability. To the contrary their allegations show no loss has as yet been incurred. At most plaintiffs show a potential loss. This is not sufficient.

The allegation that plaintiffs have no defense in an action which Lucas as guardian may institute is a mere conclusion which the facts when fully developed may demonstrate to be erroneous. Could Parker, who made the loan and prepared the papers with knowledge of all the facts, recover a deficiency judgment because he had failed to insert in the papers a statement that they were for purchase money? If he could not, Lucas cannot recover. G.S. 36-18.

The judgment of nonsuit is

Affirmed.