RAY A. CHILDERS AND WIFE, DOROTHY B. CHILDERS, v. PARKER'S INC.

No. 448

(Filed 23 August 1968)

1. **Statutes § 7— construction of amendments — presumptions of legislative intent**

   In construing a statute with reference to an amendment it is presumed that the legislature intended either (1) to change the substance of the original act or (2) to clarify the meaning of it.

2. **Statutes § 7— construction of amendments — presumptions as aid to interpretation**

   Although the conclusion is that every amendment to an existing statute had a purpose, the presumption that a departure from the old law was intended is merely an aid to interpretation, not an absolute rule.

**3. Statutes § 7—  amendment of ambiguous statute — presumptions**
    Whereas it is logical to conclude that an amendment to an unambiguous statute indicates the intent to change the law, no such inference arises when the legislature amends an ambiguous provision.

**4. Mortgages and Deeds of Trust § 32—  deficiency judgments — G.S. 45-21.38 — applicable only to mortgage securing vendor**
    As originally enacted, the provisions of G.S. 45-21.38, which barred recovery of deficiency judgment on purchase-money notes secured by a mortgage or deed of trust if the note disclosed that it was for purchase money of real estate, *are held* applicable only to purchase-money mortgages and deeds of trust given by the vendee to the vendor and not to a note and deed of trust securing a third party who lent the vendee the purchase price of the land described in the deed of trust.

**5. Mortgages and Deeds of Trust § 32—  G.S. 45-21.38 — effect of 1961 amendment**
    The 1961 amendment to G.S. 45-21.38, which made the section applicable only to mortgages and deeds of trust given "to secure *to the seller* the payment of the balance of the purchase price of real property," did not change the original meaning of the statute; it merely made specific that which had theretofore been implicit.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Bone, E.J.,* 20 March 1967 Session of FORSYTH, docketed and argued at the Fall Term 1967 as Case No. 467.

Action to recover damages against a vendor for failure to insert in a note, allegedly prepared under its direction, a provision that it was given "for purchase money of real estate" as provided by G.S. 45-21.38.

Plaintiffs' evidence tends to establish these facts: By warranty deed dated 18 March 1959, Parker's, Inc., conveyed to plaintiffs lot No. 58 of Lake Hills, a subdivision which defendant owned in Forsyth County. The deed was signed by H. Bryce Parker, President (Parker), who owned all the stock in defendant corporation except two qualifying shares. Parker was an attorney-at-law, and the deed shows on its face that it was "drawn by H. Bryce Parker." The purchase price of the lot was $4,000.00. Defendant's realtor waived his $500.00 commission on the sale, and defendant credited plaintiffs with this amount as their down payment. The balance of $3,500 was arranged in the transaction hereinafter detailed.

At the time of the sale, Parker was guardian for George Patton Schimmeck, a minor (Schimmeck). Plaintiffs executed and delivered to Parker, as guardian of Schimmeck, a note for $3,500.00 dated 23 March 1959, which recited "a good and valuable consideration, to-wit, a loan of money . . . secured by a deed of trust of even date

herewith on valuable real estate." It was payable in three annual installments with interest at 6%. The deed of trust to Harvey A. Lupton, trustee for Parker, guardian for Schimmeck, covered lot No. 58 of Lake Hills, and recited that it secured a note "for loan of money." A notation on the deed of trust showed that it was "drafted by Parker and Lucas, by H. Bryce Parker." The deed and deed of trust were recorded simultaneously on 2 April 1959. The consideration for the note was a check dated 20 March 1959 in the amount of $3,500.00 drawn by Parker, guardian for Schimmeck, to the order of plaintiffs. The check bore the notation, "a loan." Plaintiffs endorsed this check and left it with Parker, who deposited it to their credit in the Wachovia Bank and Trust Company. They also drew and left with him their check, dated 27 March 1959, in the amount of $3,500.00, payable to Parker personally. Except for the note and deed of trust, the various instruments bear different dates. Each, however, was delivered at the same time as a part of a single transaction.

When Parker died in October 1959, his associate in the practice of law, Phillip E. Lucas (Lucas), was appointed guardian for Schimmeck. At that time, no payment had been made on the note, and none was made thereafter. In consequence, Lucas called upon Lupton, trustee, to foreclose the deed of trust. The trustee sold the property at public auction 24 February 1961. After crediting the net proceeds of the sale, $1,751.64, on plaintiffs' note, Lucas brought suit against plaintiffs to recover the balance due on the note. At the 8 October 1962 Term of Forsyth, plaintiffs stipulated that they were "legally indebted and obligated" to Schimmeck in the amount of $2,180.96, and a consent judgment was entered against them for that amount, with interest from 22 March 1961. By periodic payments, plaintiffs thereafter satisfied the judgment in full. On 21 June 1963, they instituted this action to recover the amount paid on this judgment, "$2,421.72, plus court costs and attorney's fees."

In addition to the basic facts detailed above, plaintiffs allege that in preparing the note and deed of trust, upon which Lucas secured the deficiency judgment against plaintiffs, Parker acted as the agent of defendant; that Parker failed to show in the instruments that "the same represented purchase money of real estate"; that because of this omission, plaintiffs have sustained the loss for which they seek to recover. Answering, defendant denied that the note and deed of trust were given for the purchase price of land and alleged that plaintiffs are estopped to bring this action because (1) Parker, who failed to make the insertion, was also the guardian of Schim-

meck; (2) plaintiffs confessed judgment in favor of Schimmeck instead of defending his action against them.

Upon defendant's motion for a nonsuit, made at the conclusion of plaintiffs' evidence, Judge Bone entered a judgment dismissing the action.

*Roberts, Frye & Booth for plaintiff appellants.*
*Jenkins and Lucas and W. Scott Buck for defendant appellee.*

SHARP, J.

This is the second suit which plaintiffs have instituted against defendant on account of Parker's failure to insert in plaintiffs' note a recital that it was given for the balance of purchase money of real estate. It is also plaintiffs' second appeal from a judgment of nonsuit. The first action, instituted prior to the time plaintiffs' liability to Lucas had been established, was dismissed because prematurely brought. *Childers v. Parker's, Inc.,* 259 N.C. 237, 130 S.E. 2d 323. Plaintiffs' liability to Lucas now having been established and discharged, their exception to the judgment of nonsuit from which they presently appeal presents this question: Did G.S. 45-21.38, as it was worded on 23 March 1959, apply to a note and deed of trust securing a third party who lent the vendee (his debtor) the purchase price of the land described in the deed of trust? At that time, exclusive of the words in parenthesis, G.S. 45-21.38 provided in pertinent part:

"In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure (to the seller the) payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out."

The Legislature, by Session Laws 1961, Ch. 604, effective 2 June 1961, amended G.S. 45-21.38 by inserting the words in parenthesis. Thus, the section now applies *ipsissimis verbis* only to mortgages and deeds of trust given "to secure *to the seller* the payment of the balance of the purchase price of real property." (Italics ours.)

Plaintiffs' contentions are that, prior to the 1961 amendment, G.S. 45-21.38 applied to *all* "purchase money deeds of trust" — not only those given to a vendor but also to a lender who provided the purchase price — if the note showed on its face that it represented the "balance of the purchase price of real property" described in the instrument securing the debt; that the failure of Parker, who prepared the note and deed of trust for defendant-vendor, to insert this information in the note and deed of trust caused the loss for which plaintiffs seek to recover, and imposes liability upon defendant. Defendant's contention is that plaintiffs' note was not for purchase money but money borrowed.

[1-3]    In construing a statute with reference to an amendment it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it. 82 C.J.S. *Statutes* § 384, p. 897 (1953). The presumption is that the legislature "intended to change the original act by creating a new right or withdrawing any existing one." 1 Sutherland, Statutory Construction § 1930 (Horack, 3d ed. 1943). Plaintiffs argue that the 1961 amendment limiting the application of G.S. 45-21.38 to the *vendors* of real estate substantiates their contention that prior thereto the section applied to all "purchase money" notes and deeds of trust. Although the conclusion is that every amendment to an existing statute had a purpose, the presumption that a departure from the old law was intended is merely an aid to interpretation — not an absolute rule. "In some cases, the purpose of the variation may be to improve the diction, or to clarify that which was previously doubtful." 50 Am. Jur. *Statutes* § 275, p. 263 (1944). Whereas it is logical to conclude that an amendment to an unambiguous statute indicates the intent to change the law, no such inference arises when the legislature amends an ambiguous provision. 1 Sutherland, Statutory Construction § 1930 (1968 Cum. Supp. to Horack's 3d ed., 1943). Even "the action of the legislature in amending a statute so as to make it directly applicable to a particular case is not a conclusive admission that it did not originally cover such a case." Black, Interpretation of Laws § 167, p. 578 (2d ed. 1911).

To sustain their contention that the security instrument in suit was a purchase-money deed of trust within the meaning of G.S.

45-21.38 prior to 1961, plaintiffs rely upon *Dobias v. White,* 239 N.C. 409, 80 S.E. 2d 23 (1954). In *Dobias,* it was held that a deed of trust given by a vendee to his vendor to secure the purchase price of land other than those described in the security instrument, could not qualify as a purchase-money deed of trust under G.S. 45-21.38. The Court said, "This is true because a deed of trust is a purchase money deed of trust only if it is made as a part of the same transaction in which the debtor purchases the land, embraces the land so purchased, and secures all or part of its purchase price." *Id.* at 412, 80 S.E. 2d at 26. Plaintiffs point out that in listing the indicia of a purchase-money deed of trust, the Court omitted a requirement that it be given by the vendee to the vendor. Plaintiffs argue, therefore, that the note and deed of trust which they gave to Parker, as guardian of Schimmeck, was a purchase-money deed of trust within the meaning of the statute even though it secured money borrowed from a third person to pay the vendor for the land. The definition in *Dobias,* however, cannot be used as a slide rule to solve the problem here. The credit transaction there involved was between vendor and vendee, not between vendee and a third-party lender. The sole basis of decision was that the deed of trust covered "land other than that purchased from the plaintiffs by the defendants." Furthermore, the Court did not say that a deed of trust having the listed requisites was necessarily a purchase-money security; it said that a deed of trust lacking them was not. It made no attempt to define the circumstances in which a deed of trust on land "secures all or a part of its purchase price."

Plaintiffs also argue that *Supply Co. v. Rivenbark,* 231 N.C. 213, 56 S.E. 2d 431, *Chemical Co. v. Walston,* 187 N.C. 817, 123 S.E. 196, and like cases bolster their position that Lucas would not have been entitled to a deficiency judgment had Parker noted in the "evidence of indebtedness" that it was "for the balance of purchase money of real estate." These cases hold that when a deed to the vendee and his mortgage to the vendor for the unpaid purchase price—or to a third party for money loaned to pay the vendee the purchase price —are delivered and recorded as a part of the same transaction, no lien against the vendee can take precedence over "the purchase money mortgage." *Chemical Co. v. Walston, supra* at 825, 123 S.E. at 200. The theory is that "[t]he title does not rest in the vendee but merely passes through his hands, and during such instantaneous passage no lien against the vendee can attach to the title superior to the right of the holder of the purchase money mortgage." *Supply Co. v. Rivenbark, supra* at 214, 56 S.E. 2d at 432. These cases apply to the general rule. They are, however, of no more assistance in determin-

ing the question before us than is the so-called definition of a purchase-money mortgage in *Dobias.* These decisions, which protect the mortgagee, are based upon the just and sensible proposition that prior creditors should not be enriched at the expense of one whose money has enabled a debtor to acquire additional security.

*Ladd & Tilton Bank v. Mitchell,* 93 Ore. 668, 184 Pac. 282, 6 A.L.R. 1420 (1919), presented the same question which confronts us. The Oregon statute, Section 426, L. O. L. (now Ore. Rev. Stat. 88.070), provided:

" 'When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.' "

Like G.S. 45-21.38 prior to 1961, the Oregon statute was not specifically limited to mortgages executed by the vendee to the vendor. The court held, however, that the legislature did not intend the law to apply to security instruments given to third-party lenders because a mortgage given to secure a third-party lender is not a true purchase-money mortgage. The Oregon legislature, the court said, had in view the mortgage which is defined by Black's Law Dictionary as "a mortgage given, concurrently with a conveyance of land, by the vendee to the vendor, on the same land, to secure the unpaid balance of the purchase price." The court also noted that *purchase money* passes from the vendee to the vendor; that as between vendee and a third-party lender who furnishes the consideration the vendee pays the vendor, the term is *borrowed money.* See Black's Law Dictionary (4th ed., 1951) pp. 1162, 1399.

A failure to limit the application of § 426 to the true purchase-money mortgage, the court reasoned, would be to thwart "the beneficent purpose of the law" to protect the purchaser by discouraging the over-evaluation of real estate. "[I]t was not the intent of the lawmakers to render it more difficult for such a purchaser to obtain a loan and pay the cash for a home, and receive the benefit of any lower price of realty that might be made on account of such cash payment. . . . (If) the lender could only look to the property upon a foreclosure proceeding, then the person wishing to purchase a home or other real property would be hampered and his credit impaired, and it might well be said that, 'The last state of that man is worse than the first.' " *Id.* at 675-76, 184 P. at 284, 6 A.L.R. at 1424.

In interpreting a similar statute, California's First District Court of Appeal followed the Oregon decision. *Peterson v. Wilson,* 88 Cal. App. 2d 617, 199 P. 2d 757, 6 A.L.R. 2d 258 (1948). This decision, however, was disapproved by the Supreme Court of California fifteen years later in *Bargioni v. Hill,* 59 Cal. 2d 121, 28 Cal. Rptr. 321, 378 P. 2d 593 (1963). See 53 Calif. L. Rev. 151 (1965); 51 Calif. L. Rev. 1 (1963); 48 Calif. L. Rev. 48 (1960); 37 Calif. L. Rev. 690. We note, however, that after the decision in *Bargioni v. Hill,* the California Legislature promptly amended its statute by restricting its application to "a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property." Calif. Civ. Proc. Code § 580b (West 1955) *as amended* (Supp. 1967).

[4]    We find the reasoning of the Oregon court convincing, and there are additional grounds for the same interpretation of G.S. 45-21.38. Neither the California nor the Oregon statute contains its requirement that the note show that it is for the purchase money of real estate in order to defeat a deficiency judgment. Nor does either provide that the vendee may recover from the vendor if he suffers a loss because vendor failed to insert in the note a provision disclosing its purchase-money character. These unique features of G.S. 45-21.38 manifest the legislative intent that the statute as originally enacted should apply only to purchase-money mortgages and deeds of trust given by the vendee to the vendor, and that its application to third parties be limited to assignees of the seller. These provisions were obviously designed to protect a vendor's assignee, who would not know the nature of the transaction. Furthermore, a vendor does not ordinarily prepare the note and deed of trust which his vendee gives to a third-party lender who furnishes the money which pays his purchase price. He usually does, however, prepare the security instruments when they are to be executed to him. Had the legislature intended the statute to apply to security instruments which the vendee gave a third-party lender, it would undoubtedly have provided that the mortgagor might recover his loss from either a seller or lender who prepared the note and failed to insert a disclosure that it represented the purchase price of land. We cannot assume that the legislature intended the statute to apply to both vendor and third-party lender when it placed the duty of inserting the purchase-money disclosure only upon a seller preparing the security instruments for the vendee's signature.

[5]    We hold therefore that the 1961 amendment did not change the original meaning of G.S. 45-21.38; it merely made specific that which had theretofore been implicit. See Currie and Lieberman, Pur-

chase Money Mortgages, Etc., 1960 Duke Law J. 1, 18; *General Petroleum Co. v. Smith*, 62 Ariz. 239, 157 P. 2d 356, 158 A.L.R. 364.

The situation here is clouded by the dual positions occupied by Parker, who was not only the president and attorney of defendant, the corporate vendor, but also the guardian of Schimmeck, whose money he loaned to plaintiffs to buy land from his corporation. Indubitably, however, Schimmeck was a third-party lender. Plaintiffs were bound to have known this, for even a hasty glance at the note and deed of trust, which they signed, would have revealed to them the details of the transaction.

The judgment of nonsuit is

Affirmed.

HUSKINS, J., took no part in the decision or consideration of this case.