J. T. POWELL AND WIFE, ESSIE POWELL v. COUNTY OF HAYWOOD

No. 7230SC263

(Filed 28 June 1972)

1. **Mortgages and Deeds of Trust § 2; Taxation § 25— purchase money deed of trust — instantaneous seizin — property taxes — equity of redemption**

   The doctrine of instantaneous seizin under a purchase money deed of trust does not override a statutory provision that the owner of the equity of redemption is considered the owner of the real estate for the purpose of assessing taxes. Former G.S. 105-301(b), now G.S. 105-302(c)(1).

2. **Taxation §§ 25, 33— purchase money deed of trust — lien for taxes on personalty — purchase at foreclosure sale**

   By statute, the lien for taxes on the personal property of a corporation attached to real property of which the corporation owned the equity of redemption under a purchase money deed of trust, and when the *cestuis* purchased said real property at a foreclosure sale, they purchased it subject to the lien for personal property taxes. Former G.S. 105-301(b), 105-302(d), 105-340(a), and 105-376(a), now G.S. 105-302(c)(1), 105-304, 105-355(a), and 105-356.

APPEAL by plaintiffs from *Ervin, Judge,* 3 January 1972 Session of Superior Court held in HAYWOOD County.

By this action plaintiffs seek to recover certain taxes for the year 1970 paid under protest by them to the County of Haywood. The relevant factual situation is set forth in the following excerpts from plaintiffs' complaint.

"By deed dated January 7, 1965, the plaintiffs conveyed to Murphy Chevrolet, Inc., a two-thirds undivided interest in certain real property described therein and located in Beaverdam Township, Haywood County, North Carolina . . . .

"To secure the payment of the balance of the purchase money due by Murphy Chevrolet, Inc., to the plaintiffs upon the purchase price of said real property . . . , Murphy Chevrolet, Inc., executed a deed of trust dated January 7, 1965, to . . . Trustee for the plaintiffs . . . .

"Default having occurred in the payment of the balance of the purchase money due the plaintiffs under said deed of trust. . . . Trustee sold said real property described in said deed of trust pursuant to said deed of trust on the 19th day of May, 1970, and the plaintiffs became the last and highest bidder at said sale. Thereafter, . . . Trustee executed a deed to the plaintiffs for said lands described in said deed of trust . . . .

"When the plaintiffs undertook to pay to the defendant the real property taxes due the defendant on said real estate for the year 1970, the defendant insisted and demanded that the plaintiffs pay to the defendant an additional amount of $409.94, being personal property taxes assessed against Murphy Chevrolet, Inc., for the year 1970.

"The plaintiffs objected to payment of said personal property taxes assessed against Murphy Chevrolet, Inc., for the year 1970 but finally paid the same under written protest . . . .

"On July 10, 1971, the plaintiffs made written demand upon the Treasurer of the defendant for refund of said personal property tax so paid by the plaintiffs to the defendant under protest, said demand having been made by a letter written pursuant to G.S. 105-267 . . . .

"The personal property upon which said personal property tax was levied was owned by Murphy Chevrolet, Inc., a North Carolina corporation, and was not personal property owned by the plaintiffs."

Before time for answering expired, defendant filed a motion to dismiss under G.S. 1A-1, Rule 12(b) (6), for failure to state a claim upon which relief can be granted. Defendant's motion was allowed and plaintiffs appealed.

*Roberts & Cogburn, by Max O. Cogburn, for plaintiffs.*

*Morgan, Ward & Brown, by David J. Haynes, for defendant.*

BROCK, Judge.

The facts in this case are so nearly identical to those in *J. T. Powell and wife, Essie Powell v. Town of Canton* (No. 7230SC264) that the same principles of law are applicable to both cases. The *Town of Canton* case was argued jointly with this case and an opinion therein, reaching the same result, is being filed contemporaneously with the filing of this opinion.

Plaintiffs contend that the trial judge erred in ruling that the complaint failed to state a claim upon which relief can be granted. A complaint may be dismissed on motion filed under Rule 12(b) (6) where it pleads facts which will necessarily defeat the claim. *Hodges v. Wellons,* 9 N.C. App. 152, 175 S.E. 2d 690.

The tax assessment involved in this case was for the year 1970; therefore, the applicable statutes are those in existence prior to the extensive revision of Chapter 105 by the 1971 General Assembly. Each of the statutes hereinafter referred to are as numbered and worded prior to the 1971 revision. The disposition of this appeal is largely determined by the provisions of former Chapter 105, Subchapter II, entitled "Assessment, Listing and Collection of Taxes," particularly G.S. 105-301(b), G.S. 105-302(d), G.S. 105-340(a), and G.S. 105-376(a).

"For purposes of tax listing and assessing, the owner of the equity of redemption in any property which is subject to a mortgage or deed of trust shall be considered the owner of such real estate." G.S. 105-301(b).

" . . . [T]angible personal property shall be listed in the township in which such property is situated . . . if the owner . . . occupies a . . . place for the sale of property . . . therein for use in connection with such property." G.S. 105-302(d).

"The lien of taxes levied on property and polls listed pursuant to this subchapter shall attach to all real property of the taxpayer in the taxing unit as of the day as of which property is listed . . . . " G.S. 105-340(a).

"The lien of taxes shall attach to real property at the time hereinbefore in this subchapter prescribed." G.S. 105-376(a)(1).

"The liens of taxes of all taxing units shall be of equal dignity and shall be superior to all other assessments, charges, rights, liens, and claims of any and every kind in and to said property, regardless of by whom claimed and regardless of whether acquired prior or subsequent to the attachment of said lien for taxes: . . . . " G.S. 105-376 (a)(2).

"The priority of the lien shall not be affected by transfer of title to the real property after the lien has attached, . . . . " G.S. 105-376(a)(3).

The wording of the foregoing quoted sections are now substantially contained in G.S. 105-302(c)(1), G.S. 105-304, G.S. 105-355(a), and G.S. 105-356.

Plaintiffs argue that their position is different from that of a purchaser at a foreclosure sale of real estate mortgaged by the owner thereof to secure a loan. It is plaintiffs' argument that they sold the two-thirds interest in the property to Murphy Chevrolet, Inc., and took a note secured by deed of trust to secure the purchase price. They argue that this was a purchase money mortgage and that seizin in Murphy Chevrolet, Inc., was only instantaneous. Therefore, they argue that Murphy Chevrolet, Inc., was never the owner of the property so as to allow a lien for taxes on its personal property to attach.

[1] Undoubtedly the doctrine of "instantaneous seizin" under a purchase money mortgage is firmly rooted in North Carolina law. It was recently recognized in *Childers v. Parker's, Inc.*, 274 N.C. 256, 162 S.E. 2d 481, and in *Pegram-West, Inc. v. Homes, Inc.*, 12 N.C. App. 519, 184 S.E. 2d 65. However, the doctrine does not serve to override a clear statutory provision that the owner of the equity of redemption is considered the owner of the real estate for the purpose of assessing taxes. G.S. 105-301(b), prior to 1971. Words of equal import are contained in G.S. 105-302(c)(1) as it currently appears.

---

[2]   We hold that, by statute, the lien for taxes on the personal property of Murphy Chevrolet, Inc., attached to the real estate of which Murphy Chevrolet, Inc., was the owner of the equity of redemption under a purchase money deed of trust. The plaintiff, as purchaser of the said real estate at the foreclosure sale, purchased the same subject to the lien for the said personal property taxes.

In view of what has been said, it is clear that the complaint alleged facts which necessarily defeated the claim. Therefore, the trial judge was correct in dismissing the action for failure to state a claim upon which relief can be granted.

Affirmed.

Judges HEDRICK and VAUGHN concur.