JACK D. SMITH v. FORD MOTOR COMPANY, THOMAS M. KEESEE, SR., JAMES K. DOBBS AND CLOVERDALE FORD, INC.

No. 7521SC185

(Filed 4 June 1975)

1. **Master and Servant § 10— employment for indefinite period — termination at will**

A pre-incorporation agreement did not employ plaintiff for a definite term and did not give plaintiff the right to acquire control of the corporation after 60 months where it provided that plaintiff would be employed as president and general manager of an automobile dealership, that three individuals would purchase 60% of the corporate stock and defendant and another would purchase 40% of the stock, that the corporation was given an option to purchase the 60% of stock held by the three individuals after 60 months, that plaintiff's employment could be terminated if it proved unsatisfactory to the other stockholders or to the Ford Motor Company, and that plaintiff's stock should be sold at book value to another stockholder upon

---

---

termination of his employment; therefore, plaintiff's employment could be terminated at will by the other stockholders.

**2. Contracts § 32— wrongful interference — insufficiency of complaint**

Plaintiff failed to state a claim against Ford Motor Company for wrongful interference with a contract in which plaintiff was employed by a corporation as the president and general manager of a Ford dealership where the agreement, which was incorporated in the complaint, provides that plaintiff's employment may be terminated by the corporation if it should prove unsatisfactory in the opinion of the Ford Motor Company.

**3. Conspiracy § 2— civil conspiracy — legal act**

Plaintiff failed to state a claim for relief against defendants on the ground of civil conspiracy where the complaint discloses that the act they committed was a lawful one.

ON writ of *certiorari* to review order entered by *Exum, Judge*. Order entered 31 December 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 May 1975.

This action arose out of an agreement entered into 18 May 1971 pursuant to which the parties formed a corporation, Cloverdale Ford, Inc., to operate an automobile dealership. It was provided that James K. Dobbs, Jr., Thomas M. Keesee, and Frank Goodwin (jointly referred to as "H-D-O") would subscribe to and purchase for $120,000 cash 60% of the capital stock of the corporation and that Jack D. Smith and James W. Davis (referred to as "operators") would subscribe to and purchase for $80,000 cash the remaining 40% of the stock. After 60 months the corporation was to have the option of purchasing all of the capital stock owned by H-D-O.

Jack D. Smith was to be employed as president and general manager. The agreement further provided in paragraph 8 that

"if Jack D. Smith, in his position as President and General Manager of the Corporation, shall prove to be unsatisfactory in the opinion of H-D-O and James W. Davis, or the Ford Motor Company from the standpoint of profits earned or the manner of operation of the Corporation, the employment of Jack D. Smith as President and Manager may be terminated by the corporation. Upon such termination the Operator agrees to sell to James W. Davis the capital stock owned by him at book value of such stock at the end of the month preceding such termination and for cash."

Smith managed the dealership until 24 April 1974 when the board of directors voted to terminate his employment. Before

Smith v. Ford Motor Co.

that time he had participated in the Ford Dealer Alliance, an organization discouraged by Ford Motor Company.

Plaintiff Smith then filed suit seeking actual and punitive damages for alleged wrongful acts as follows: (1) wrongful, malicious and unlawful interference by Ford Motor Company with plaintiff's contractual rights under the agreement of 18 May 1971; (2) unfair trade practices in violation of G.S. 75-1.1 by Ford Motor Company; (3) conspiracy among Ford Motor Company and defendants Dobbs and Keesee to wrongfully terminate plaintiff's employment; (4) breach of contract by Dobbs and Keesee; and (5) breach of contract by Cloverdale Ford, Inc. Attached to the complaint was a copy of the pre-incorporation agreement.

Defendants Cloverdale, Keesee and Dobbs filed motions under G.S. 1A-1, Rule 12(b)(6), to dismiss the complaint for failure to state a claim for relief. Defendant Ford Motor Company also moved to dismiss and filed an answer denying material allegations in the complaint, alleging plaintiff's breach, and incorporating a franchise agreement between Ford Motor Company and Cloverdale Ford, Inc., whereby Ford reserved the right to cease doing business with any dealer.

The trial court granted all motions to dismiss. From the order dismissing his complaint, plaintiff appealed to this Court.

*Hatfield and Allman, by Weston P. Hatfield, James W. Armentrout, and R. Bradford Leggett, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by W. P. Sandridge, Jr., for defendant appellees Cloverdale Ford, Inc., Thomas M. Keesee, Sr., and James K. Dobbs.*

*Hudson, Petree, Stockton, Stockton & Robinson, by J. Robert Elster and W. Thompson Comerford, Jr., for defendant appellee Ford Motor Company.*

ARNOLD, Judge.

Plaintiff contends that the agreement of 18 May 1971 creates in him the right to acquire control of Cloverdale Ford, Inc., at the end of sixty months. He further contends that the employment provisions of the agreement are for a definite term. Consequently, he argues, defendants Keesee, Dobbs, and Cloverdale should be required to show good faith and reasonable

cause in terminating the agreement, and an allegation of bad faith states a claim for relief against them. With respect to defendant Ford Motor Company, plaintiff contends that Ford had no absolute right to terminate the dealership, was not shown to have acted in good faith, and wrongfully interfered in and conspired with the other defendants to breach the May 18 agreement. (He abandoned his unfair trade practices claim on appeal.) Thus, plaintiff contends, it was error to grant all defendants' motions under G.S. 1A-1, Rule 12(b)(6). We disagree.

In *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E. 2d 161, 166 (1970), the North Carolina Supreme Court stated the general rule: "If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed." *Accord, Powell v. County of Haywood*, 15 N.C. App. 109, 189 S.E. 2d 785 (1972). *See also* 1 McIntosh, N. C. Practice 2d (Phillips Supp. 1970) § 970.40. In the case at bar, the preincorporation agreement constitutes part of the complaint, and discloses a defense which defeats the claim.

[1] Under Paragraph 8 the corporation was given the power to terminate Smith's employment, should it prove unsatisfactory in the opinion of H-D-O, Davis or Ford, whereupon Smith agreed to sell his stock at book value to Davis. Having contributed 19.5% of the capital, Smith was only a minority shareholder in the corporation. The corporation's option to buy out H-D-O's stock at the end of 60 months cannot be construed to guarantee to plaintiff the right, as a stockholder, to acquire H-D-O's interest in the corporation at the end of five years: the agreement specifically provided for the disposal of plaintiff's stock in case of termination. Nor can the agreement be construed to secure plaintiff's employment for a definite period. Since plaintiff's employment was for an indefinite period, it could be terminated at will by defendants Keesee, Dobbs and Cloverdale. *Scott v. Burlington Mills*, 245 N.C. 100, 95 S.E. 2d 273 (1956) ; *Howell v. Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146 (1953) ; *see also Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964). Their motions to dismiss were properly granted.

[2] Plaintiff contends that the franchise agreement alleged in Ford's answer provides for arbitration of a decision to terminate a dealership and does not give Ford the right to terminate at will. This distinction is immaterial. It is true that "an action

in tort lies against an outsider who knowingly, intentionally and unjustifiably induces one party to a contract to breach it to the damage of the other party [citations omitted]." *Childress v. Abeles,* 240 N.C. 667, 674, 84 S.E. 2d 176, 181 (1954). It is also true that the fact that plaintiff's contract was terminable at the will of H-D-O is not necessarily available to Ford as a defense. *Id.* at 678, 84 S.E. 2d at 184. Nevertheless, while not a party to the May 18 agreement, Ford certainly was not an outsider. *See Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971); *Wilson v. McClenny,* 262 N.C. 121, 136 S.E. 2d 569 (1964). The agreement refers repeatedly to Ford and in Paragraph 8 provides that Smith's employment may be terminated by the corporation should he prove to be unsatisfactory in the opinion of Ford. Clearly, plaintiff has failed to state a claim against Ford on grounds of wrongful interference with the contract.

[3] Notwithstanding the possibility of merit in plaintiff's allegations of an agreement among all defendants to terminate his employment, he has failed to state a claim for relief against them on grounds of civil conspiracy, for on its face his complaint discloses that the act they committed was a lawful one. *See Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 266 (1949).

The order of the trial court is

Affirmed.

Judges MARTIN and CLARK concur.