STATE v. DICKERSON

[125 N.C. App. 592 (1997)]

———————

STATE OF NORTH CAROLINA v. THOMAS W. DICKERSON

No. COA96-1104

(Filed 4 March 1997)

**Arrest and Bail § 70 (NCI4th)— State Capitol Police—territorial jurisdiction**

The legislature intended in N.C.G.S. § 143-340 to give State Capitol Police officers the same power of arrest and territorial jurisdiction as police officers of the City of Raleigh; therefore, a State Capitol Police officer had jurisdiction to arrest defendant for driving while impaired and driving while his license was revoked on streets owned by the City of Raleigh.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 46, 47.**

Appeal by the State from order entered 11 December 1995 by Judge Knox V. Jenkins, Jr., in Wake County Superior Court. Heard in the Court of Appeals 24 February 1997.

Defendant was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 (1993) and driving while license revoked

**STATE v. DICKERSON**

[125 N.C. App. 592 (1997)]

in violation of N.C. Gen. Stat. § 20-28 (Cum. Supp. 1996). The district court found defendant guilty, and he appealed to the superior court for trial *de novo*. Following a hearing on defendant's motion to dismiss, the trial court entered an order in which it made the following findings of fact and conclusions of law:

1. Officer W. J. Weaver is a sworn State Capital [sic] Police Officer.

2. He is employed by the Secretary of the Department of Administration pursuant to N.C. Gen. Stat. § 143-335, et. seq.

3. His oath of office was administered by a person with the authority to administer such oaths.

4. That on October 28, 1994 at about 8:15 p.m., Officer W. J. Weaver was patrolling at about the intersection of Capital Boulevard and Peace Street in the State of North Carolina, County of Wake, City of Raleigh.

5. That at this time, Officer Weaver saw the Defendant Thomas W. Dickerson, driving a motor vehicle and weaving within the roadway.

6. That Officer Weaver had probable cause to stop and did stop the Defendant.

7. That he subsequently charged said Defendant with Driving While Impaired.

8. That the Defendant was not at any time in the arrest process on property that was owned or controlled by the State of North Carolina.

9. That the Court takes judicial notice that Capital Boulevard and Peace Street are streets in and owned by the City of Raleigh.

10. That under N.C. Gen. Stat. § 143-340, the duties of said officer are specifically limited as set out therein.

11. That it was not within Officer Weaver's jurisdiction to stop the Defendant.

Based upon these findings and conclusions, the trial court dismissed the charges. The State appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jill Ledford Cheek, for the State.*

*DeMent, Askew, Gammon & DeMent, by Russell W. DeMent, Jr., and Angela L. DeMent, for defendant appellee.*

ARNOLD, Chief Judge.

The State argues the trial court erred by dismissing the charges against defendant because the arresting officer had territorial jurisdiction to effectuate the arrest. We agree.

The powers and territorial jurisdiction of State Capitol Police officers are set out in N.C. Gen. Stat. § 143-340 (1996), which provides in pertinent part as follows:

The Secretary of Administration has the following powers and duties:

. . .

(21) To serve as a special police officer and in that capacity to have the same power of arrest as the police officers of the City of Raleigh. Such authority may be exercised within the same territorial jurisdiction as exercised by the police officers of the City of Raleigh, and in addition thereto the authority of a deputy sheriff may be exercised on property owned, leased or maintained by the State located in the County of Wake.

(22) To appoint as special police officers such reliable persons as he may deem necessary, and such officers shall have the same power of arrest as herein conferred upon the Secretary.

The State contends this statute gives State Capitol Police officers the same territorial jurisdiction as that of police officers of the City of Raleigh. Defendant contends, and the trial court concluded, that the statute gives State Capitol Police officers jurisdiction only on State property.

Where the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General,* 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). If, however, the provisions of a statute are ambiguous, a court must construe the

statute to ascertain the legislative will. *Young v. Whitehall Co.*, 229 N.C. 360, 367, 49 S.E.2d 797, 801 (1948). In construing an ambiguous statute, earlier statutes on the subject and the history of legislation in regard thereto, including statutory changes over a period of years, may be considered in connection with the object, purpose, and language of the statute. *Lithium Corp. v. Bessemer City*, 261 N.C. 532, 536, 135 S.E.2d 574, 577 (1964).

The statute in question is clear and definite that State Capitol Police officers have the same power of arrest as that of police officers of the City of Raleigh. Assuming *arguendo* the phrase "within the same territorial jurisdiction" is ambiguous, we have examined the statutory history to determine the legislative intent and believe the General Assembly intended to also grant State Capitol Police officers the same territorial jurisdiction as that of police officers of the City of Raleigh.

Prior to 1971, the powers and territorial jurisdiction of State Capitol Police officers were set out in N.C. Gen. Stat. § 129-4 (1964) which provided in pertinent part as follows:

The Director of General Services has the following powers and duties:

. . .

(6) To serve as a special police officer, and in that capacity to arrest with warrant any person violating any law in or on, or with respect to, public buildings and grounds, and to arrest, or to pursue and arrest, without warrant any person violating in his presence any law in or on, or with respect to, public buildings and grounds. . . .

(7) To designate as special peace officers such reliable and efficient employees of the Division as he may think proper, who shall have the same powers of arrest as the Director is given herein. . . .

In 1971, the General Assembly amended the statute and transferred it to Chapter 143 of the General Statutes.

"In construing a statute with reference to an amendment it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it." *Childers v. Parker's, Inc.*, 274 N.C. 256, 260, 162 S.E.2d 481, 483 (1968) (citation omitted). The amendment in this case did not clarify the mean-

STATE v. DICKERSON

[125 N.C. App. 592 (1997)]

ing of the former statute. Instead, it changed the territorial jurisdiction of State Capitol Police officers from "public buildings and grounds," defined by N.C. Gen. Stat. § 129-2 (1964) as "all buildings and grounds owned or maintained by the State in the City of Raleigh," to "within the same territorial jurisdiction as exercised by the police officers of the City of Raleigh." Defendant's contention that the territorial jurisdiction of State Capitol Police officers is limited to State property comports only with the pre-1971 provisions. To hold that the General Assembly did not change the territorial jurisdiction of State Capitol Police officers by amending the statute in 1971 would be anomalous.

The effect of the amendment is even more obvious when the provision in question is considered in context. "Words and phrases of a statute may not be interpreted out of context, but individual expressions 'must be construed as a part of the composite whole and must be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit.' " *In re Hardy*, 294 N.C. 90, 95-96, 240 S.E.2d 367, 371-72 (1978) (quoting *Watson Industries v. Shaw, Comr. of Revenue*, 235 N.C. 203, 210, 69 S.E.2d 505, 511 (1952)). The current statute provides that in addition to the other powers and territorial jurisdiction of State Capitol Police officers, the officers may exercise the authority of a deputy sheriff in Wake County. However, the General Assembly has imposed as a limitation that this authority may be exercised only "on property owned, leased or maintained by the State located in the County of Wake." By failing to impose a similar limitation on the officers' exercise of authority inside the City of Raleigh, the General Assembly indicated its intention not to limit that territorial jurisdiction in any way.

We hold the trial court erred by concluding that the arresting officer had no jurisdiction to arrest defendant and by dismissing the charges. The order of the trial court is reversed, and the matter is remanded to Superior Court, Wake County, for reinstatement of the charges against defendant and for further proceedings.

Reversed and remanded.

Judges LEWIS and WALKER concur.