JAMES ERIC POOLE AND WILLIAM SETH MARLOWE, PLAINTIFFS v. BAHAMAS SALES ASSOCIATE, LLC, GINN FINANCIAL SERVICES, LLC, THE GINN COMPANIES, LLC, GINN DEVELOPMENT COMPANY, LLC, GINN DEVELOPMENT INTERNA-TIONAL, LLC, GINN REAL ESTATE COMPANY, LLC, GINN-LA WEST END, LIM-ITED CORP., GINN-LA GLADYS FORK LTD., LLLP, LA-GLADYS FORK GP, LLC, GINN-LA LAUREL CREEK LTD., LLLP, GINN-LAUREL CREEK GP, LLC, GINN CONSTRUCTION COMPANY, LLC, GINN LAURELMOR CONDOMINIUMS, LLC, THE CLUB AT LAURELMOR, LLC, GINN-LA CS BORROWER, LLC, GINN-LA CS HOLDING COMPANY, LLC, DEFENDANTS

No. COA10-394

(Filed 4 January 2011)

**1. Mortgages and Deeds of Trust— anti-deficiency statute— action brought prematurely—dismissal proper**

The trial court did not err by dismissing plaintiffs' claim for relief based on defendants' alleged violation of N.C.G.S. § 45-21.38, the "anti-deficiency" statute, pursuant to N.C.G.S.

§ 1A-1, Rule 12(b)(6). Where plaintiffs' injury was merely theoretical or anticipated, the action was brought prematurely.

**2. Loans— liability under note—declaratory judgment requested—preferable forum—choice-of-law—dismissal**

The trial court did not err by dismissing plaintiffs' claim for relief requesting that the trial court declare the nonexistence of their personal liability under an adjustable rate balloon note. The plain language of plaintiffs' brief suggested that plaintiffs' decision to file the present action in this jurisdiction was merely a strategic maneuver to achieve a preferable forum or, at a minimum, was an attempt to circumvent a choice-of-law provision agreed to by the parties which would otherwise subject them to the laws of the State of Florida.

Appeal by plaintiffs from order entered 29 December 2009 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Bishop, Capitano & Moss, P.A., by J. Daniel Bishop, for plaintiffs-appellants.*

*Doughton & Hart PLLC, by Thomas J. Doughton and Amy L. Rich, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiffs James Eric Poole and William Seth Marlowe appeal from the trial court's order dismissing with prejudice their Complaint and First Amended Complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). For the reasons stated, we affirm.

On 25 March 2009 and 14 December 2009, plaintiffs filed a Complaint and First Amended Complaint, respectively, against sixteen named defendants, including The Ginn Companies, LLC ("defendant Ginn"), Ginn Financial Services, LLC ("defendant GFS"), Bahamas Sales Associate, LLC ("defendant BSA"), and Ginn-LA West End, Limited Corp. ("defendant Ginn-LA West End"). According to plaintiffs, defendant BSA is a Delaware limited liability company with its principal place of business in Florida, and is wholly-owned by defendant GFS. Defendant GFS is a Georgia limited liability company domesticated in North Carolina, and is wholly-owned by defendant Ginn. Defendant Ginn is a Delaware limited liability company. All remaining named defendants are alleged to be (1) wholly-owned sub-

sidiaries or corporate affiliates of defendant Ginn, (2) organized under the laws of Georgia, Delaware, or the Bahamas, (3) domesticated in North Carolina,[1] and (4) collectively referred to as the "Ginn Network Entities."

In October 2006, plaintiffs executed a Contract for Lot Purchase (the "Contract") with defendant Ginn-LA West End, in which defendant Ginn-LA West End agreed to sell plaintiffs a residential resort lot in the Ginn Sur Mer Club & Resort development—designated as the "Versailles Sur Mer" development in the Complaint and First Amended Complaint—on Grand Bahama Island in the Commonwealth of the Bahamas for $575,900.00. Plaintiffs alleged that they paid cash consideration in the amount of $115,200.00 and, in December 2006, plaintiffs obtained financing for the balance of the purchase price in an Adjustable Rate Balloon Note (the "Note") from defendant BSA for the principal amount of $460,720.00. In January 2007, defendant Ginn-LA West End conveyed the subject property to plaintiffs by an Indenture of Conveyance. On the same day, plaintiffs granted an Indenture of Mortgage to defendant BSA for the amount specified in the Note. Both documents were filed and recorded with the Bahamas Registrar General.

Plaintiffs alleged that, because some of the Ginn Network Entities "defaulted on terms of their own development indebtedness in connection with Versailles Sur Mer[,] . . . development plans for the resorts have been altered, limited and circumscribed, severely impairing the expected value of the lot sold to [p]laintiffs." Consequently, plaintiffs alleged that "it became impracticable for [plaintiffs] to service or pay the Note." Plaintiffs did not allege that defendants commenced any action to enforce the Note, and did not allege that defendants instituted foreclosure proceedings upon plaintiffs' default. Nevertheless, plaintiffs claim that defendants violated North Carolina's "anti-deficiency" statute under N.C.G.S. § 45-21.38, committed unfair and deceptive trade practices in violation of N.C.G.S. § 75-1.1, and requested that the trial court declare "the nonexistence of [p]laintiffs' personal liability under the Note."

Defendants moved to dismiss plaintiffs' Complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1), (3), and (6). The trial court denied defendants' motions under Rule 12(b)(1) and (3), but allowed defend-

---

1. Defendant Ginn–LA West End, a Bahamas corporation, and defendants Ginn–LA CS Borrower, LLC and Ginn–LA CS Holding Company, LLC, each a Delaware limited liability company, are not alleged to be domesticated in North Carolina.

ants' motion under Rule 12(b)(6) "on the grounds that the Complaint and First Amended Complaint fail to state a claim upon which relief can be granted because the matter alleged is not ripe." After the trial court dismissed plaintiffs' Complaint and First Amended Complaint with prejudice, plaintiffs filed timely notice of appeal.

"A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970)). "The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Id.* (citing *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979), *disapproved of on other grounds by Dickens v. Puryear*, 302 N.C. 437, 448, 276 S.E.2d 325, 332 (1981)). "In general, 'a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'" *Id.* at 670-71, 355 S.E.2d 840 (emphasis in original omitted) (quoting *Stanback*, 297 N.C. at 185, 254 S.E.2d at 615). "Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim." *Id.* at 671, 355 S.E.2d at 840-41.

[1] Plaintiffs first contend the trial court erred by dismissing their first claim for relief pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) because defendants' alleged violation of N.C.G.S. § 45-21.38, the "anti-deficiency" statute, caused injury to plaintiffs "that is neither theoretical nor anticipated, but existing." We disagree.

N.C.G.S. § 45-21.38 provides:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money

> for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

N.C. Gen. Stat. § 45-21.38 (2009). The "manifest intention" of this statute is "to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price." *Ross Realty Co. v. First Citizens Bank & Tr. Co.*, 296 N.C. 366, 370, 250 S.E.2d 271, 273 (1979); *see also id.* at 371, 250 S.E.2d at 274 ("[The General Assembly's intent in enacting the statute was] to protect vendees from oppression by vendors and mortgagors from oppression by mortgagees."). In furtherance of this intention, "[t]he statute, G.S. § 45-21.38 makes the seller liable *for losses which the purchaser sustains* because of seller's failure to insert a statement that debt is for purchase money in a note and deed of trust prepared by it or under its supervision." *Childers v. Parker's Inc. (Childers I)*, 259 N.C. 237, 238, 130 S.E.2d 323, 324 (1963) (emphasis added). Our Supreme Court has determined that a "purchaser has not sustained a loss as contemplated by the statute *until he has been compelled to pay or judgment has been rendered fixing his liability*" "[w]here there has been a foreclosure and the proceeds are insufficient to pay the amount called for in the note." *Id.* (emphasis added).

In *Childers I*, plaintiffs instituted an action in which they sought to recover "the sum they anticipate[d] they may be compelled to pay to a third party because of the asserted failure of defendant to state in a note and deed of trust given by plaintiffs that the instruments were for the purchase of the land described in the deed of trust." *Id.* at 237, 130 S.E.2d at 323. In that case, plaintiffs alleged that a party "had demanded payment of the balance owing on [a] note and *threatened suit* unless said sum was paid. [However, p]laintiffs offered no evidence to support these allegations." *Id.* at 238, 130 S.E.2d at 324 (emphasis added). "Plaintiffs [also] offered no evidence of payment or judgment fixing their liability. To the contrary[, plaintiffs'] allegations show[ed] *no loss ha[d] as yet been incurred.* At most plaintiffs show[ed only] a *potential loss.*" *Id.* (emphasis added). Thus, the Court concluded that "[t]his [wa]s not sufficient" to establish that

plaintiffs had sustained a loss as contemplated by N.C.G.S. § 45-21.38. *See id.* Therefore, because the action was "instituted prior to the time plaintiffs' liability . . . had been established, [the appeal] was dismissed because prematurely brought." *Childers v. Parker's, Inc.* (*Childers II*), 274 N.C. 256, 259, 162 S.E.2d 481, 483 (1968) (citing *Childers I*, 259 N.C. at 238, 130 S.E.2d at 324).

In the present case, plaintiffs alleged that the Note was "prepared under the direction and supervision of [d]efendants" and that, "[i]n violation of [N.C.G.S. § 45-21.38], [d]efendants failed to cause a provision to be inserted in the Note disclosing that it was for purchase money of real estate[.]" Plaintiffs requested that the trial court enter "[a] money judgment against [d]efendants, jointly and severally, for actual damages not less than $460,720, trebled, setting off and recouping against the amount of any liability arising under the Note." However, in the present case, plaintiffs admit that defendants have neither instituted foreclosure proceedings against them nor commenced any action to enforce the Note. We do not discern any relevant distinction between plaintiffs' allegations in the present case and those in *Childers I*. Therefore, assuming without deciding that plaintiffs may be entitled to protection under the statute, "notwith-standing that the property [at issue] is located in the Bahamas and [that d]efendants included a Florida choice-of-law clause in the Note," we conclude that this action, like the action in *Childers I*, was "prematurely brought" and the trial court did not err by dismissing plaintiffs' first claim for relief. *See Childers II*, 274 N.C. at 259, 162 S.E.2d at 483 (citing *Childers I*, 259 N.C. at 238, 130 S.E.2d at 324).

**[2]** Plaintiffs next contend the trial court erred by dismissing their third claim for relief[2] requesting that the trial court "declare the nonexistence of [p]laintiffs' personal liability under the Note" because they allege that "litigation seeking to impose personal liability under the Note is practically inevitable." Plaintiffs assert that their allegations in support of this claim "reveal[] the existence of an actual controversy." Again, we disagree.

Although a motion to dismiss under Rule 12(b)(6) "is seldom an appropriate pleading in actions for declaratory judgments, . . . [i]t is allowed . . . when the record clearly shows that there is no basis for

___

2. Plaintiffs did not bring forward any argument that the trial court erred by dismissing their claim that defendants committed unfair and deceptive trade practices. Therefore, we leave the trial court's dismissal as to this claim undisturbed. *See* N.C.R. App. P. 28(a) ("The scope of review on appeal is limited to issues . . . presented in the several briefs.").

declaratory relief as when the complaint does not allege an actual, genuine existing controversy." *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974). "It is not necessary for one party to have an actual right of action against another for an actual controversy to exist which would support declaratory relief. However, it is necessary that the Courts be convinced that the litigation appears to be unavoidable." *Id.* at 450, 206 S.E.2d at 189. "Mere apprehension or the mere threat of an action or a suit is not enough." *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 62 (1984).

Additionally, while "[a] declaratory proceeding can serve a useful purpose where the plaintiff seeks to clarify its legal rights in order to prevent the accrual of damages, or seeks to litigate a controversy where the real plaintiff in the controversy has either failed to file suit, or has delayed in filing[,] . . . a declaratory suit should not be used as a device for 'procedural fencing.' " *Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 578-79, 541 S.E.2d 157, 164 (2000), *disc. review denied*, 353 N.C. 370, 547 S.E.2d 433 (2001). For instance, "[a] defendant in a pending lawsuit should not be permitted to bring a declaratory suit involving overlapping issues in a different jurisdiction as a strategic means of obtaining a more preferable forum." *Id.* at 579, 541 S.E.2d at 164. "Otherwise, the natural plaintiff in the underlying controversy would be deprived of its right to choose the forum and time of suit." *Id.* "Furthermore, it is inappropriate for a potential tortfeasor to bring a declaratory suit against an injured party for the sole purpose of compelling the injured party 'to litigate [its] claims at a time and in a forum chosen by the alleged tortfeasor.' " *Id.* (alteration in original) (quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir.), *cert. denied*, 395 U.S. 959, 23 L. Ed. 2d 745 (1969)).

Here, plaintiffs alleged that defendants BSA and GFS "have threatened, in lieu of foreclosing, to commence an action to enforce the Note," and demanded payment of all outstanding principal, accrued interest, and fees in a letter, which stated: "Note Holder reserves the right to exercise any or all of the rights and remedies available to it, including, but not limited to, initiating legal proceedings against you." The record further indicates that, although the Note expressly provides that its terms do not prevent the Lender, defendant BSA, from "bringing any action or exercising any rights within any other state or jurisdiction," the Note contains a choice-of-law provision declaring that it "shall be governed by and interpreted in

POOLE v. BAHAMAS SALES ASSOC., LLC

[209 N.C. App. 136 (2011)]

accordance with the law of the State of Florida." Based on these allegations, plaintiffs assert that "litigation—*in Florida*—is a practical inevitability," (emphasis added), and so seek to have a North Carolina trial court declare that the "anti-deficiency" statute relieves plaintiffs of any personal liability that they *may* incur on the Note *if* defendants foreclose on the subject property and *if* the proceeds from the foreclosure are insufficient to pay the balance of the Note and *if* plaintiffs are later compelled to pay the deficiency *or if* judgment is rendered fixing plaintiffs' liability. In their brief, plaintiffs assert that "[d]efendants will assuredly enforce the obligation in a Florida court" and seek to have a North Carolina court declare the applicability of N.C.G.S. § 45-21.38 because they argue that a Florida court "would not subordinate the Florida choice-of-law clause in the Note to the legislative purpose of the North Carolina anti-deficiency statute," and would thus "depriv[e] the North Carolina resident [p]laintiffs of the protection intended by the statute." However, "[w]e cannot condone using the Declaratory Judgment Act to obtain a more preferable venue in which to litigate a controversy. Such 'procedural fencing' deprives the natural plaintiff of the right to choose the time and forum for suit." *See Coca-Cola Bottling Co. Consol.*, 141 N.C. App. at 581, 541 S.E.2d at 165. Since the plain language of plaintiffs' brief suggests that plaintiffs' decision to file the present action in this jurisdiction "is merely a strategic maneuver to achieve a preferable forum," *see id.* at 579, 541 S.E.2d at 164, or, at a minimum, is an attempt to obligate a foreign jurisdiction to give full faith and credit to a judgment applying the laws of this jurisdiction in order to circumvent a choice-of-law provision agreed to by the parties which would otherwise subject them to the laws of the State of Florida, we conclude that the trial court did not err by denying plaintiffs' request for a declaratory judgment and dismissing plaintiffs' claim with prejudice. Our disposition renders it unnecessary to address plaintiffs' remaining arguments or defendants' cross-issues on appeal.

Affirmed.

Judges STEPHENS and STROUD concur.